UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Docket #_____

04 12164 MLW

Eric Souvannakane,

        Plaintiff

v.

Sears Roebuck & Co., William Sullivan, Richard Spellman, Barbara Tagliarino, Kevin Sullivan, Alicia Coviello, Gary Mansfield,

        Defendants

CIVIL COMPLAINT

DEMAND FOR JURY TRIAL

RECEIPT # 59314
AMOUNT $150
SUMMONS ISSUED____
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED____
BY DPTY. CLK.____
DATE____

**Preface**

This action is pled under the standard now imposed by the First Circuit Court of Appeals for complaints filed in district courts within the circuit, pursuant to the Court's decision in *Educadores Puetorriquenos En Accion et al. V. Cesar Rey Hernandez*, decided May 1, 2004, case number 03-1588, following the precedent of the United States Supreme Court in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

## I. INTRODUCTION AND PRELIMINARY STATEMENT

The plaintiff brings this action to redress violations of constitutional rights secured and granted to him by the Constitution of the United States, its Amendments, and federal statutory law, which were all violated by the defendants named in the caption above. This action is filed pursuant to 42 U.S.C. §§ 1983, 1981, 1985, 1986 & 1988 to redress the deprivation under color of any statute, ordinance, regulation, custom or usage of rights privileges or immunities

1

secured to the plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution. In particular, the plaintiff's 4th Amendment right not to be criminally prosecuted without probable cause, his 5th Amendment right to procedural due process, and to an occupation; his 14th Amendment right to procedural due process, substantive due process in the form of equal protection of the law and his property right to an occupation.

## II. PARTIES

1. The Plaintiff, Eric Souvannakane, is a citizen of the United States of Asian decent, residing at 12 Eutaw Ave., Lynn, County of Essex, Commonwealth of Massachusetts.

2. Defendant Sears Roebuck & Co., is a retail department store chain whose corporate office is located at Hoffman Estates, Illinois 60179, that company having a store located at 1325 Broadway, Saugus, Massachusetts 01960, where the plaintiff was formerly employed, and the events complained of below transpired.

3. Defendant William Sullivan is employed by Sears Roebuck & Co. as the security chief for the district in which the company's Saugus store is located. He performs his official duties on behalf of the company from the district office of Sears Roebuck & Co. located at the South Shore Plaza, 250 Granite Street, Braintree, Massachusetts 02184.

4. Defendant Richard Spellman is employed by Sears Roebuck & Co. as the manager of the district in which the corporation's Saugus store is located. He performs his official duties on behalf of the company from the district office of Sears Roebuck & Co. located at the South Shore Plaza, 250 Granite Street, Braintree, Massachusetts 02184.

5. Defendant Barbara Tagliarino is employed by Sears Roebuck & Co. as the manager of the company's Saugus store, located at 1325 Broadway, Saugus, Massachusetts

01906.

6. Defendant Kevin Sullivan is employed by Sears Roebuck & Co. as the manager of the automotive department of the company's Saugus store, located at 1325 Broadway, Saugus, Massachusetts 01906.

7. Defendant Alicia Coviello is employed by Sears Roebuck & Co. in an unknown capacity, at the company's Saugus store. She is a citizen of the United States residing at 168 Water Street, Saugus, Massachusetts 01906.

8. Defendant Gary Mansfield is a police officer in the Saugus Police Department and he performs his duties as a police officer from the Saugus Police Department, 27 Hamilton Street, Saugus, Massachusetts 01906

### III. JURISDICTION AND VENUE

9. This action is filed pursuant to 42 U.S.C. § 1983, which confers jurisdiction on the district courts to redress the deprivation under color of statute, ordinance, regulation, usage of rights, privileges and immunities secured to the citizenry by the Constitution of the United States.

10. Jurisdiction is conferred on this district court by 28 U.S.C. § 1331, which confers original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States on the district courts.

11. Jurisdiction is conferred on this district court by 28 U.S.C. § 1343(a)(1), (a)(2), (a)(3) and (a)(4).

12. The United States District Court for the District of Massachusetts is the proper venue because the acts complained of all occurred within the Commonwealth of Massachusetts, the plaintiff resides in Massachusetts, defendant Sear Roebuck & Co. Inc. has many retail stores

in Massachusetts, and all the other defendants reside in Massachusetts.

13. Jurisdiction is conferred on this court by 28 U.S.C. §§ 2201(a) & 2202, authorizing the court to issue declaratory judgments and other necessary relief.

14. Venue is conferred upon this court by 28 U.S.C. § 1391(a), 1391(b) & 1391(c).

## IV. FACTS

15. The plaintiff was formerly employed by defendant Sears Roebuck & Co. as a technician in the automotive department of the company's store located in Saugus Massachusetts.

16. While employed by defendant Sears Roebuck & Co., individuals supervising the defendant showed racial and ethnic bias towards the plaintiff, a man of Asian decent, by referring to him as a "Gook."

17. In October of 2003, defendant Sears Roebuck & Co., through its management, fired the plaintiff without explanation after he exercised his 1st Amendment right to free speech with a fellow employee.

18. The plaintiff was fired for something he did not do (allegedly swore at a customer), as a pretext for his dismissal for racial and ethnic prejudice by defendant Sears Roebuck & Co. and the management group (all named as defendants) in control of the Saugus store.

19. At closing time on or about October 16, 2003 management of the automotive section of the Saugus store observed a spill of waste oil (less than 30 gallons)on the floor in the oil change bay. The spill was confined to the bay by the lack of volume in the spill, a drain in the bay floor, and the slope of the floor towards the drain.

20. Management of the automotive section made the decision to leave the spill in

4

place until the following morning, October 17, 2003, at which time an employee was assigned to clean up the spill.

21. The spill was cleaned from the bay within the automotive section of the store by hosing it out into the parking lot of the mall in which the store was located, an intentional violation of 33 U.S.C., the Federal Clean Waters Act.

22. It was raining the morning of October 17, 2003 when the waste oil was hosed into the parking lot, and it mixed with the surface water on the tarmac covering a significant portion of the lot and necessitating a cleanup by a certified hazardous waste cleanup company.

23. When it became apparent that the spill was now an environmental cleanup situation, defendant William Sullivan threatened the employees of the automotive department with being fired if they did not confirm that the plaintiff was the party who caused the waste oil to flow into the parking lot.

24. When the Saugus Police responded to the scene, defendant officer Mansfield took statements from Sears management and the threatened employees that stated that the plaintiff had caused the waste oil to flow into the parking lot and create the environmental violation.

25. Defendant Mansfield created a report falsely stating that the ethnicity of the plaintiff was unknown, the waste oil had a value of $3,000.00 so the plaintiff could be charged with the felony of "Malicious Destruction of Property over $250," and defendant Coviello and a Mr. Jose Hernandez had witnessed the spill.

26. A show cause hearing in the Lynn District Court was scheduled at the request of defendant Mansfield where defendant Coviello falsely testified that the plaintiff was seen knocking over the container of waste oil that wound up in the parking lot.

27. Mr. Jose Hernandez also came to the Lynn District Court and prior to the magistrate's hearing, he approached the plaintiff and apologized for being there. He told the plaintiff he was not going to lie for defendant Sears Roebuck & Co. Mr. Hernandez then left the court without testifying.

28. The plaintiff was criminally prosecuted by the Commonwealth of Massachusetts based on the perjury of defendant Mansfield in his incident report dated 10/17/2003 and the perjury of defendant Coviello before the magistrate.

29. On October 5, 2004 the plaintiff was criminally tried for "Malicious Destruction Of Property Over $250.00 and was found not guilty/dismissed.

30. The plaintiff is entitled to civil suit against the defendants pursuant to state and common law torts, as well as the federal counts stated below. Not wanting to jeopardize his federal claims pursuant to the Rooker-Feldman Doctrine or any other exclusionary doctrine, he reserves the right to bring those claims at a later date in a state court, or via Supplemental Jurisdiction in this court with an amended complaint at a later date.

31. The defendants violated 33 U.S.C. § 1311 when they placed the waste oil in the parking lot. Section 1365 authorizes the plaintiff or his counsel to sue for the federal penalty for the discharge of the pollutants 60 days after notice of intent is given to the violators. Plaintiff and his counsel reserve the right to amend this complaint to include counts for a declaratory judgment, injunctive relief, and the federal penalty against the defendants, after notice is given.

**Count I - Violation of 42 U.S.C. § 1985(2) Conspiracy to interfere with civil rights by Obstructing justice; intimidating party, witness, or juror**

32. The plaintiff repeats and re-alleges each and every allegation set forth above.

33. Defendants Sears Roebuck & Co, William Sullivan, Kevin Sullivan, Richard Spellman, Barbara Tagliarino, Gary Mansfield and Alicia Coviello conspired to interfere with the plaintiff's 5th & 14th Amendment constitutional right to be free from prosecution without procedural due process, and his 14th Amendment right to substantive due process (equal protection of law) when they conspired to provide false testimony and threaten witnesses for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory with the intent to deny him equal protection of the law and to injure him in his person with an unjust criminal conviction.

34. For their conspiracy of the above named defendants to interfere with the plaintiff's civil rights he seeks jointly and severally from the above named defendants, compensatory damages of $1,000,000, punitive damages, costs and attorneys fees.

## Count II - Violation of 42 U.S.C. 1985(3) Conspiracy to interfere with civil rights by depriving persons of rights or privileges

35. The plaintiff repeats and re-alleges each and every allegation set forth above.

36. Defendants Sears Roebuck & Co., William Sullivan, Kevin Sullivan, Richard Spellman, Barbara Tagliarino, Gary Mansfield and Alicia Coviello conspired to interfere with and deprive the plaintiff of his 5th and 14th Amendment constitutional right to procedural due process and substantive due process (equal protection) based on his class (fired employee), his race (Asian), and his ethnicity (Cambodian) for the purpose of depriving, either directly or indirectly any person or class of persons of the equal protection of the laws or the equal privileges and immunities under the law; and for the purpose of preventing or hindering the constitutional authorities of the state from securing to all persons the equal protection of the law;

and that all of the above named defendants did act in furtherance of the objective of the conspiracy and in so doing did injure the plaintiff.

37.  For their conspiracy to interfere with the plaintiff's civil rights he seeks jointly and severally from the above named defendants, compensatory damages of $1,000,000, punitive damages, costs and attorneys fees.

## Count III - 42 U.S.C. § 1986, Action for neglect to prevent

38.  The plaintiff repeats and re-alleges each and every allegation set forth above.

39.  Defendants Sears Roebuck & Co., William Sullivan, Kevin Sullivan, Richard Spellman, Barbara Tagliariono, Gary Mansfield and Alicia Coviello all had the ability and or knowledge of the facts, sufficient to prevent the prosecution of the plaintiff for the crime of Malicious Destruction of Property over $250, and they all neglected to do so.

40.  For their negligence in preventing the prosecution of the plaintiff in violation of his constitutional rights, and their negligence in failing to prevent or expose the conspiracy to violate the plaintiff's constitutional rights, he seeks jointly and severally from the above named defendants, compensatory damages of $1,000,000, punitive damages, costs and attorneys fees.

## Count IV - Violation of the Plaintiff's 5th & 14th Amendment right to an occupation

41.  The plaintiff repeats and re-alleges each and every allegation set forth above.

42.  A property right protected by the 5th Amendment is the right to an occupation. When defendants Sears Roebuck & Co. and Kevin Sullivan fired the plaintiff for something he did not do, the dismissal was unlawful where the unspecified reason for the firing was the plaintiff's racial and ethnic background. When defendant Mansfield failed to objectively look at the totality of the circumstances encompassing the oil spill and without probable cause to do so,

sent a show cause hearing request to the Lynn District Court, the plaintiff's right to/ability to, secure gainful employment were impaired and prejudiced even further and defendant Mansfield became the government actor allowing for suit pursuant to 42 U.S.C. § 1983.

43. Defendants William Sullivan, Barbara Tagliarino and Alicia Coviello pursued the prosecution of the plaintiff with the assistance of defendant Mansfield, and for the loss of his constitutional right to an occupation the plaintiff seeks jointly and severally from the above named defendants, compensatory damages of $400,000, punitive damages, costs and attorneys fees.

## Count V - Violation of the Plaintiff's Fourth Amendment right to be free from prosecution without probable cause (Malicious Prosecution).

44. The plaintiff repeats and re-alleges each and every allegation set forth above.

45. The plaintiff was maliciously prosecuted without probable cause. Defendant Mansfield failed to act on the totality of the circumstances by observing that there was no way for the oil to exit the service bay unless someone intentionally moved it outside the day he responded, or he intentionally became a participant in the malicious prosecution of the plaintiff.

46. The Supreme Court has held that there may be a 4th Amendment claim for Malicious Prosecution pursuant to 42 U.S.C. § 1983, but there must be some aspect of judicial process promulgated by a state actor. Traditionally within the various circuits the issuing of a warrant was the judicial act required. The 1st Circuit expanded on that when it held that if a warrant was issued based on untruthfulness of the affidavit in support of the warrant, or the intentional exclusion of facts that would cause the warrant not to issue, there was then a civil rights claim for damages for false arrest. The 2nd, 3rd, and 5th Circuits have followed the lead of

the 1st Circuit in that regard.

47. In the present case, the plaintiff was never arrested and no warrant was ever issued, but he was maliciously prosecuted for Malicious Destruction of Property where there was no property destroyed, there was no probable cause to prosecute him based on the totality of the circumstances, and the matter was sent to trial by the magistrate based on the untruthfulness of the defendants, one of whom is a government actor. Therefore, the plaintiff argues that he is entitled to a "Malicious Prosecution" claim for violation of his 4th Amendment right to be free from prosecution without probable cause.

48. For the malicious prosecution of the plaintiff by defendants Sears Roebuck & Co., William Sullivan, Kevin Sullivan, Richard Spellman, Barbara Tagliarino, Gary Mansfield, and Alicia Coviello, he seeks jointly and severally from them, compensatory damages in excess of $1,000,000, punitive damages, costs and attorneys fees.

## Count VI - Violation of 42 U.S.C. § 1981, Equal rights under the law

49. The plaintiff repeats and re-alleges each and every allegation set forth above.

50. The plaintiff was denied equal rights and equal treatment under the law when the defendants intentionally and maliciously blamed their own violation of the Clean Waters Act on him, denied him procedural due process, substantive due process, and the right to an occupation because of his race (Asian) and ethnic background (Cambodian).

51. For violation of the racial and ethnic prongs of 42 U.S.C. § 1981 the plaintiff seeks jointly and severally from the defendants, compensatory damages of $1,000,000, punitive damages, costs and attorneys fees.

## Count VII - Costs and attorneys fees pursuant to 42 U.S.C. § 1988

52. The plaintiff repeats and re-alleges each and every allegation set forth above.

53. Section 1988 allows for collection of costs and attorneys fees from the defendants if the plaintiff prevails in his action, and pursuant to that section costs and attorneys fees are requested by the plaintiff.

                        Respectfully submitted,

Dated: October 14, 2004

_____
Kurt S. Olson
500 Federal St.
Andover, Ma. 01810
978-681-0800
BBO #: 632300

_____
Andrew M. Gradzewicz, Esq.
114 Newton St.
Lawrence, Ma. 01843
Tel: (978)683-1050
BBO #: 206220