UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC SOUVANNAKANE,<br>    Plaintiff<br><br>v.<br><br>SEARS, ROEBUCK & CO., WILLIAM<br>SULLIVAN, RICHARD SPELLMAN,<br>BARBARA TAGLIARINO, KEVIN SULLIVAN,<br>ALICIA COVIELLO, GARY MANSFIELD<br>    Defendants | Civil Action No. 0412164MLW |

## **MEMORANDUM OF DEFENDANTS, SEARS, ROEBUCK AND CO., WILLIAM SULLIVAN, RICHARD SPELLMAN, BARBARA TAGLIARINO, AND KEVIN SULLIVAN IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

### INTRODUCTION

This is a civil rights action brought by the plaintiff, Eric Souvannakane ("Souvannakane"), against his former employer, Sears, Roebuck and Co. ("Sears"), several current and former employees of Sears, including William Sullivan, Richard Spellman, Barbara Tagliarino, Kevin Sullivan and Alicia Coviello (collectively, the "Sears Defendants"),[1] and Gary Mansfield, a police officer with the Saugus Police Department. Souvannakane alleges that he was wrongfully terminated by Sears and that, following his termination, the defendants conspired to falsely implicate him in an oil spill incident, resulting in his criminal prosecution for malicious destruction of property.

In his complaint, Souvannakane asserts various causes of action under several federal civil rights statutes. Counts I, II, III and V of Souvannakane's complaint appear to relate solely to his malicious prosecution allegations. Specifically, in Counts I and II, Souvannakane alleges that the

---

[1] Defendant Alicia Coviello is no longer employed by Sears. She is separately represented and is not a party to the present motion.

Sears Defendants, in collusion with Officer Mansfield, conspired to interfere with his Fifth and Fourteenth Amendment rights to be free from prosecution without procedural and substantive due process in violation of U.S.C. § 1985(2), and also conspired to deprive him of his right to equal protection in violation of U.S.C. § 1985(3). (*See* Complaint, attached as Exhibit 1 to the Motion of Defendants Sears, Roebuck and Co., William Sullivan, Richard Spellman, Barbara Tagliarino and Kevin Sullivan to Dismiss Plaintiffs' Complaint.). In Count V, Souvannakane contends that the Sears Defendants and Officer Mansfield violated his Fourth Amendment right to be free from malicious prosecution when Officer Mansfield filed an incident report relating to the oil spill and the Essex County District Attorney's Office then prosecuted Souvannakane for malicious destruction of property.

Counts IV and VI are based solely on Sears's termination of Souvannakane's employment. In Count IV, Souvannakane alleges that the defendants deprived him of his Fifth and Fourteenth Amendment rights to an occupation in violation of 42 U.S.C. § 1983, and in Count VI, he alleges that the defendants denied him equal rights and equal treatment under the law in violation of 42 U.S.C. § 1981.

As demonstrated below, Souvannakane's complaint contains nothing more than bald assertions and unsupportable conclusions, and fails to plead sufficient facts to support any cognizable claim against the Sears Defendants. Accordingly, the Sears Defendants request this Court to dismiss the plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6).

## RELEVANT FACTS

### Termination of Employment

Souvannakane, who is of Asian descent, was employed as a mechanic at the Sears automotive center in Saugus, Massachusetts. Exhibit 1, ¶ 1. In October of 2003, Sears

terminated Souvannakane's employment. Although Souvannakane acknowledges that the reason articulated by Sears for his termination was that he swore at a customer, he contends that this was a pretext for "his dismissal for racial and ethnic prejudice." Exhibit 1, ¶ 18. The sole factual basis for this contention is Souvannakane's allegation that an individual supervising him at some point during his employment referred to him as a "Gook." Exhibit 1, ¶ 16. Souvannakane does not allege that any of the individual Sears Defendants made this remark and, indeed, does not even identify the employee who was purportedly involved in this incident. Nor does Souvannakane allege that this individual was in a position of authority to terminate Souvannakane's employment, or that he actually took part in the decision to do so.

Despite the fact that Souvannakane concedes that the articulated basis for his termination was his alleged conduct toward a customer, he simultaneously alleges that the termination occurred "without explanation after he exercised his First Amendment right to free speech with a fellow employee." Exhibit 1, ¶ 17. Beyond the mere assertion that his First Amendment rights were violated, Souvannakane provides absolutely no context for the alleged infringement of his right to free speech, including no detail regarding the alleged conversation with the fellow employee, or how this related to Sears's decision to terminate him.

Thus, given the contradictory nature of these allegations, it is unclear if Souvannakane is contending that he was terminated as a result of racial discrimination by the Sears Defendants, or in retaliation for the exercise of his First Amendment right to free speech. Either way, however, Souvannakane has not alleged that any Sears employee who was involved in the decision to terminate him harbored any racial animus towards him, or that any such individual was acting in response to any statements he may have made to another employee.

3

**The Oil Spill and Resulting Criminal Prosecution**

In addition to alleging that he was wrongfully terminated, Souvannakane contends that, after he was terminated, he was falsely accused of causing an oil spill on the premises of the automotive center. Specifically, Souvannakane asserts that, at closing time on or about October 16, 2003, "management" at the center observed a "spill of waste oil" on the floor in the oil change bay. Exhibit 1, ¶ 19. Souvannakane does not identify which employee or employees observed or were involved in the spill and does not even state whether or not he was on Sears's premises at the time of the spill. He contends, however, that the spill was not addressed until the next morning and that the clean-up was done improperly, causing an "environmental cleanup situation." Exhibit 1, ¶¶ 20, 21, 22 and 23. According to Souvannakane, when the severity of the spill became apparent, defendant William Sullivan threatened to terminate the employees of the automotive center if they did not confirm that Souvannakane caused the spill. Exhibit 1, ¶ 23.

Souvannakane contends further that the Saugus Police "responded to the scene" and that Officer Mansfield "took statements from Sears management and threatened employees that stated the plaintiff had caused the waste oil to flow into the parking lot and create the environmental violation." Exhibit 1, ¶ 24. Once again, Souvannakane does not identify the employees who were present when Mr. Sullivan made his alleged threats, does not specify which members of the Sears management team were interviewed by Officer Mansfield, and does not identify which employees were present when Officer Mansfield purportedly threatened them. In fact, Souvannakane does not even attempt to describe the nature of the alleged threats made by Officer Mansfield, or any possible explanation for why he would make such threats.

Souvannakane also alleges that Officer Mansfield created a report that falsely identified Souvannakane's ethnicity as "unknown," although he provides no evidence that Officer

4

Mansfield had any reason to know his ethnicity. Indeed, Souvannakane does not even allege that Officer Mansfield had met or ever seen him before filing the report, nor does he allege that any employee of Sears informed Officer Mansfield that he was of Asian descent. Exhibit 1, ¶ 25. Souvannakane goes on to allege that he was criminally prosecuted in the Lynn District Court for malicious destruction of property based upon Officer Mansfield's "perjury" in his incident report and the allegedly perjured testimony of defendant Alicia Coviello, the Loss Prevention Manager at the Saugus store. Exhibit 1, ¶¶ 27, 28. Again, the complaint lacks any details regarding Souvannakane's involvement in the oil spill. Similarly, he provides no detail concerning the alleged perjurious statements contained in Officer Mansfield's incident report, aside from the vague assertion that he noted that Souvannakane's ethnicity was "unknown." Souvannakane certainly does not contend, nor could he, that he was prosecuted in the Lynn District Court on the basis of his alleged "unknown ethnicity."

On the basis of these facts, Souvannakane then claims that the Sears Defendants and Officer Mansfield conspired to deprive him of his constitutional and statutory rights. Exhibit 1, ¶¶ 32. The complaint, however, does not contain any factual allegations to support his assertion that the defendants entered into any conspiracy; there are no allegations that the Sears Defendants and Officer Mansfield ever discussed and/or agreed to enter into any particular conspiracy or any allegations concerning the exact purpose behind any such conspiracy. Nor does the complaint set forth any connection between this alleged conspiracy and Souvannakane's termination by Sears or the prosecution of Souvannakane by the Essex County District Attorney.

## ARGUMENT

Souvannakane's nonspecific, vague and conclusory allegations against the Sears Defendants are insufficient as a matter of law to support any cognizable claim. In considering a

5

motion to dismiss, the "court must take facts alleged in the complaint as true, and 'draw all inferences reasonably extractable from the pleaded facts in the manner most congenial to the plaintiff's theory.'" *Baxter v. Conte*, 190 F.Supp.2d 123, 126 (D.Mass. 2001), *quoting Roth v. United States*, 952 F.2d 611, 613 (1st Cir. 1991). However, a plaintiff "may not rely on 'bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, [and] outright vituperation.'" *Id.*, *quoting Berner v. Delahanty*, 129 F.3d 20 (1st Cir. 1997). Further, although there is no heightened pleading standard for civil rights actions, "the plaintiff must nevertheless rely on more than subjective characterizations or conclusory descriptions of a general scenario which could be dominated by unpleaded fact." *Baxter*, 190 F.Supp.2d at 128; *see also Educadores Puertorriquenos En Accion v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004) (holding that, even with respect to civil rights actions, "[i]n considering motions to dismiss courts should continue to eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets. Such eschewal is merely an application of [Fed.R.Civ.P.] 8(a)(2), not a heightened pleading standard uniquely applicable to civil rights claims.") (internal citations and quotations omitted).

     As noted, the sum total of Souvannakane's "factual" allegations against the Sears Defendants are that, at some point in time, some unidentified supervisory employee made a racial epithet directed at him, that he was terminated as a result of some wholly unsubstantiated racial discrimination against him, that William Sullivan spontaneously and without any identified motivation threatened to fire a number of unidentified employees if they did not name Souvannakane as the culprit in the oil spill, that Alicia Coviello falsely testified against him at his show cause hearing, and that the Sears Defendants entered into some completely unspecified conspiracy with Officer Mansfield, the purpose and intent of which are also entirely unclear.

These are precisely the sort of "bald assertions," "periphrastic circumlocutions," "unsubstantiated conclusions" and "outright vituperations" that the First Circuit has found inadequate to survive a Rule 12(b)(6) motion to dismiss. Souvannakane's "conclusory descriptions" certainly do not suffice to show that he would be entitled to relief on any of the claims against the Sears Defendants, nor are they adequate to inform the Sears Defendants of the nature of the claims and the grounds on which Souvannakane relies in support of these claims. For these reasons, the Sears Defendants' motion to dismiss should be granted.

I.  <u>Counts I, II and III of the Plaintiff's Complaint Should Be Dismissed Because the Plaintiff Has Failed to Allege Sufficient Facts to Establish the Existence of a Conspiracy or Any Racially Based Discriminatory Animus.</u>

In Count I of his complaint, Souvannakane alleges that the Sears Defendants, in collusion with Officer Mansfield, conspired to interfere with his Fifth and Fourteenth Amendment rights to be free from prosecution without procedural due process, and his Fourteenth Amendment right to substantive due process (equal protection of law), in violation of 42 U.S.C. § 1985(2). As his basis for this claim, Souvannakane contends that the defendants conspired to provide false testimony and threaten witnesses by forcing Sears employees to lie about his involvement in the oil spill at the auto center, resulting in his arrest and criminal prosecution.

The relevant portion of 42 U.S.C. § 1985(2) makes it unlawful "for two or more persons to conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with the intent to deny any citizen of the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." 42 U.S.C. § 1985 (2). To state a cause of action under this subsection, a plaintiff must show: (1) a conspiracy; (2) that the conspiracy was for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and

immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) that he has been either injured in his person or property or deprived of any right or privilege of citizenship. *See Zezulewicz v. Port Authority of Allegheny County*, 290 F.Supp.2d 583 (W.D.Pa. 2003). In order to satisfy the first element - the existence of the conspiracy - the plaintiff must show that there was a combination of two or more persons acting in concert to commit an unlawful act, the principal element of which is that they specifically agreed to inflict the wrong or injury upon the plaintiff. *See Baxter v. Conte*, 190 F.Supp.2d 123, 129 (D.Mass. 2001*); Hahn v. Sargent*, 523 F.2d 461, 468 (1st Cir. 1975). In addition, the second element of the conspiracy requires a showing of some class-based discriminatory animus underlying the conspirators' actions. *See Hahn v. Sargent*, 523 F.2d at 469. These elements must be supported in the complaint by material facts and not merely conclusory statements. *See Baxter v. Conte*, 190 F.Supp.2d at 126-128.

Similar to the allegations in Count I, Souvannakane alleges in Count II that the Sears Defendants, again in collusion with Officer Mansfield, conspired to interfere with and deprive him of his Fifth and Fourteenth Amendment constitutional rights to procedural and substantive due process based on his class, his race, and his ethnicity for the purpose of depriving him of the equal protection of the law and immunities under the law in direct violation of 42 U.S.C. § 1985(3). He alleges further that they conspired for the purpose of preventing or hindering the "constitutional authorities of the state" from securing to him the equal protection of the law.

"A claim brought under 42 U.S.C. § 1985(3) requires a plaintiff to 'allege the existence of (1) a conspiracy, (2) a conspiratorial purpose to deprive a person or class of persons, directly or indirectly of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property, or (b) a deprivation of a constitutionally protected right or privilege.'" *Curley v. North American*

*Man Boy Love Association*, Civil Action No. 00-CV-10956-GA, 2002 WL 264958 at *1 (D.Mass. 2002), *quoting Aulson v. Blanchard*, 83 F. 3d 1, 3 (1st Cir. 1996). As is the case with his conspiracy claim under 1985(2), the plaintiff can only recover if the conspiratorial conduct of which he complains is propelled by some racial, or perhaps otherwise class-based, invidiously discriminatory animus. *Curley*, at *1. This element requires the plaintiff to allege facts showing that (1) the defendants conspired against him because of his membership in a class (i.e. Asian-American), and (2) the criteria defining the class are invidious. *Id.* Additionally, because the federal rights the plaintiff contends were infringed upon in violation of Section 1985(3) are ones requiring an element of state action, an allegation of state action is necessary for the plaintiff to state a claim under this Section. *See* pp. 10-11, *infra*, for a more detailed analysis of the requirement that the plaintiff sufficiently plead state action in connection with his Section 1985(3) claim.

As mentioned, pursuant to both Section 1985(2) and Section 1985(3), the plaintiff must prove that there was a conspiracy - "a single plan, the essential nature and general scope of which [was] known to each person who is to be held responsible for its consequences." *Sampson v. Village Discount Outlet, Inc*. 832 F.Supp. 1163, 1168 (N.D.Ill. 1993). In dismissing a plaintiff's claims for similar relief, the First Circuit has held that "especially because the circumstances under which cooperation by a private party with law enforcement personnel will convert private action to state action are unclear, ... it is appropriate to require that the relationship or nature of cooperation between the state and a private individual be pled *in some detail*. This is in line with our requirement that some factual basis supporting the existence of a conspiracy must be pled when a conspiracy is alleged in a civil rights case." *McGillicudy v. Clements*, 746 F.2d 76, 77 (1st Cir. 1984).

9

Here, Souvannakane has not pled sufficient facts to even suggest that such a plan existed, let alone any facts detailing the "relationship or nature of cooperation" between Officer Mansfield and the Sears Defendants.  He has not alleged any agreement among each of the alleged conspirators, nor has he alleged such an agreement between Sears and the employees named in either count.  In the words of the court in *Sampson*, "[the plaintiff] has failed to allege any factual basis suggesting the meeting of minds necessary to establish his conspiracy claim, and his mere conjecture that there has been a conspiracy is not enough to state a claim."  *Sampson*, at 1168.

Furthermore, Souvannakane has also failed to allege sufficient facts to show a "racially based discriminatory animus" on the part of the Sears Defendants or any actual agreement among each of the alleged "actors in the conspiracy" to discriminate against him on that basis. Souvannakane's only allegation of race-based animus is a single off-color comment purportedly made by a Sears employee; Souvannakane provides no details as to the identity of that employee or the context of his comment, or even when it was alleged to have been made.  Such an allegation is not sufficient to overcome a motion to dismiss.  *See Sampson,* 832 F.Supp. at 1167-68 (holding that the commission of an offense accompanied by a single allegedly racist remark is not sufficient to demonstrate that racial animus was motivating factor of offense).  Aside from this isolated incident, Souvannakane has not alleged any racially motivated discriminatory animus on the part of the Sears Defendants.

Moreover, Souvannakane's 1985(3) claim must also fail because this aspect of the statute does not apply "to private conspiracies that are 'aimed at a right that is by definition a right protected only against state interference' but applies only to such conspiracies as are 'aimed at interfering with rights ... protected against private, as well as official, encroachment.'"  *Lowden v. William M. Mercer, Inc.*, 903 F.Supp. 212, 219-220 (D.Mass. 1995), *quoting Bray v. Alexandria*

*Women's Health Clinic*, 506 U.S. at 278, 113 S.Ct. 764. In other words, section 1985(3) "applies to private conspiracies only in the event that the right aimed at by the conspiracy is one protected against both public and private interference." *Id., quoting Tilton v. Richardson*, 6F.3d 683, 686 (10th Cir. 1993) cert. denied, 510 U.S. 1093, 114 S.Ct. 925 (1994), *accord Sampson.*, 832 F.Supp. at 1169, affm'd 43 F.3d 1474 (7th Cir. 1994) ("allegation of state action is necessary to state a claim under § 1985(3) if 'the federal right relied upon is one requiring an element of state action'").

Pursuant to its decision in *Lowden*, the Supreme Court has identified only the right to be free from involuntary servitude under the Thirteenth Amendment and the right to interstate travel as rights protected against private, as well as official, encroachment. Because the right to equal protection under either the Fifth or Fourteenth Amendment is not a right protected against purely private encroachment, but rather against encroachment by the state or a state actor, Souvannakane's claims predicated on the Sears Defendants' alleged violation of those rights pursuant to 1985(3) must fail without proof of state involvement. *Lowden*, 903 F.Supp. at 219-20. *See also Sampson*, 832 F.Supp. at 1169 (Fourth, Fifth and Fourteenth Amendments do not apply to private conduct and therefore require showing of state action to support a 1985(3) claim). Souvannakane has provided no such evidence of any state action and, therefore, his claims that the Sears Defendants' alleged conspiracy interfered with his Fifth and Fourteenth Amendment rights to equal protection cannot support his 1985(3) cause of action and Count II must be dismissed. *See* Section II, *infra*, for a more detailed analysis of Souvannakane's failure to sufficiently plead state involvement.

Given these deficiencies, as well as Souvannakane's failure to link the sparse facts alleged in his complaint with specific counts, this Court should dismiss Counts I and II of the complaint.

11

The Court should similarly dismiss Count III since an action for neglect to prevent under 42 U.S.C. § 1986 cannot survive if the plaintiff has failed to make out a corresponding claim under § 1985. *See Morgan v. Driscoll*, Civil Action No. 9810766RWZ, 2002 WL 15695 (D.Mass. 2002).

II.  Counts IV and V of the Plaintiff's Complaint Should Be Dismissed Because the Plaintiff Has Failed To Allege Sufficient Facts To Establish that a Conspiracy Existed Between the Sears Defendants and Officer Mansfield, or that the Sears Defendants Acted Under the Color of State Law.

In Count IV, Souvannakane alleges that the Sears Defendants, as well as Officer Mansfield, violated his Fifth and Fourteenth Amendment rights to an occupation and gainful employment when Sears terminated his employment and Mansfield failed to "objectively look at the totality of the circumstances encompassing the oil spill and without probable cause to do so, sent a show cause hearing request to the Lynn District Court." Exhibit 1, ¶ 42. Specifically, Souvannakane alleges that Sears terminated his employment for some pretextual reason when its real motivation was the "plaintiff's racial and ethnic background." Souvannakane brings this claim pursuant to 42 U.S.C. § 1983.

To assert a claim under to 42 U.S.C. § 1983, the plaintiff must show that a person, acting under color of state law, committed a violation of a constitutional or federal statutory right. *Caraballo Cordero v. Banco Financiero De Puerto*, 91 F.Supp.2d 484, 491 (D.Puerto Rico 2000). Clearly, Sears is not a state actor and, if acting alone, cannot violate Section 1983. Presumably in recognition of this difficulty, Souvannakane lumps together the actions of Officer Mansfield with those of Sears in a confusing attempt to bring Sears's conduct in terminating Souvannakane within the ambit of the statute.[2]

---

[2] "[P]rivate parties 'may be held liable under Section 1983 where… the private parties conspire with or are otherwise willful participants in joint activity with the state or its agents." *Caraballo* at 419.

12

As with virtually all of the theories in his complaint, however, Souvannakane does not allege sufficient facts to set forth a cognizable claim. Souvannakane does not even allege – nor could he – that Officer Mansfield had any involvement in Sears's decision to terminate him or, for that matter, that the termination decision had anything to do with the oil spill. Indeed, as alleged in the complaint, the oil spill did not even occur until after Souvannakane was terminated. Thus, there is simply no way that Officer Mansfield's alleged conduct can be linked to Sears's decision to terminate Souvannakane and he will be unable to establish that Sears's conduct in terminating his employment was under color of state law. *See McGillicudy v. Clements*, 746 F.2d 76, 77 (1st Cir. 1984) (Court dismissed plaintiff's complaint, holding that "especially because the circumstances under which cooperation by a private party with law enforcement personnel will convert private action to state action are unclear, ... it is appropriate to require that the relationship or nature of cooperation between the state and a private individual be pled *in some detail.* This is in line with our requirement that some factual basis supporting the existence of a conspiracy must be pled when a conspiracy is alleged in a civil rights case.").

Similarly, in order to prevail on his malicious prosecution claim under Section 1983, as alleged in Count V, the plaintiff must show (1) state action; and (2) a deprivation of a constitutional right. *See Meehan v. Town of Plymouth*, 167 F.3d 85, 88 (1st Cir. 1999). Just as Souvannakane is unable to demonstrate that Sears acted under color of state law in terminating him, he has not alleged sufficient facts to show that the Sears Defendants, either individually or collectively, were state actors with respect to their alleged involvement in the subsequent criminal prosecution. Souvannakane's complaint simply does not allege that the Sears Defendants and Officer Mansfield aligned themselves so closely with each other that the "undertow" pulled the

Sears Defendants inexorably into the grasp of state action. *See Roche v. John Hancock Mutual Life Insurance Co.*, 81 F.3d 249, 253-254 (1st Cir. 1996).

In *Roche*, a former employee ("Roche") brought a Section 1983 action against his former employer, John Hancock Mutual Life Insurance Co. ("Hancock"), after Hancock provided the police with evidence that Roche had left threatening voice-mail messages for Hancock employees following his termination. The police pursued the case and, following an investigation, Roche was arrested and prosecuted by the district attorney's office. In affirming the trial court's award of summary judgment in favor of Hancock, the Court of Appeals for the First Circuit held that there was no basis for attributing the state action of the police officer and/or the prosecutor's office to the employer who had investigated the threatening phone calls. Specifically, the Court reasoned that "[b]ecause (1) the officers who requested the warrant independently exercised reasonable professional judgment in applying for it, (2) the magistrate acted autonomously and within the range of her judicial competence in issuing the warrant, and (3) the district attorney acted autonomously in prosecuting the case, there is no principled basis for attributing state action to the defendant employer." *Id.* At 254.

As in *Roche*, Souvannakane's own allegations support the conclusion that the police, of their own volition, decided to issue the show cause warrant. A magistrate then presumably examined the collected evidence and found it sufficient to justify prosecution of the matter. There is not the smallest hint that the magistrate was improperly influenced by the Sears Defendants or, for that matter, that the Sears Defendants solicited the magistrate to act. Obviously, from that point forward, the relevant authorities, including the court and the district attorney's office, dictated the time, place, and manner of the prosecution, as well as any additional investigation into the viability of the charges. *See Id.* Hence, given that the plaintiff cannot establish that the

14

Sears Defendants were state actors or were in collusion with a state actor, both Counts IV and V of the plaintiff's complaint should be dismissed.

III.  Count VI of the Plaintiff's Complaint Should Be Dismissed Because the Plaintiff Has Failed to Plead Sufficient Facts to Establish any Racial Animus by the Defendants.

In Count VI, the plaintiff alleges that he was "denied equal rights and equal treatment under the law when the defendants intentionally and maliciously blamed their own violation of the Clean Waters Act on him, denied him procedural due process, substantive due process, and the right to an occupation because of his race (Asian) and ethnic background (Cambodian)." The relevant portion of 42 U.S.C. § 1981 holds that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts …, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens …." 42 U.S.C. § 1981.

When employment discrimination is at issue in cases alleging violations of 42 U.S.C. § 1981, the standards pertinent to Title VII of the Civil Rights Act of 1964 apply even when, as here, no direct claim under Title VII has been made. *See Powell v. City of Pittsfield*, 143 F.Supp.2d 94 (D.Mass. 2001). In other words, in order to prevail under Section 1981, a plaintiff must prove purposeful employment discrimination: the ultimate issue is whether the defendant intentionally discriminated against the plaintiff on the basis of his race, as is required under the analytical framework used in disparate treatment cases under Title VII. *See Ayala-Gerena v. Bristol Meyers-Squibb, Co.*, 95 F.3d 86, 95 (1st Cir. 1996).

Souvannakane appears to base his employment discrimination claim on one isolated, race-based comment by an unidentified co-employee. However, the First Circuit has held that stray remarks in the workplace, particularly those made by nondecision-makers or statements made by decision-makers unrelated to the decisional process itself, are not sufficient to state a claim of

15

racial discrimination. *O'Connor v. Northshore International Insurance Services,* Civil Action No. 01-1547, 2003 WL 21068432, at *1 (1st Cir. 2003). In the Court's view, "such stray remarks lack the necessary link between the alleged speaker's discriminatory remark and the adverse employment decision." *Ayala-Gerena v. Bristol Meyers-Squibb, Co.*, 95 F.3d at 95.

It is clear that Souvannakane's complaint does not make this link. Specifically, he has not made any allegations regarding specific instances of discrimination by an individual in a position of authority at Sears who was in any way involved in his termination, nor has he provided any detailed facts to support his contention that he was terminated because of his race. As previously stated, the sole allegation in the plaintiff's complaint of any racially discriminatory animus is a single, off-color remark purportedly made by a co-employee. Not only does Souvannakane fail to identify that employee or any of the details surrounding the alleged statement, but he does not set forth any facts connecting the remark to Sears's decision to terminate him. Absent any allegation whatsoever that the individual who made the remark was a person in a position of authority at Sears who had input into the termination decision, Souvannakane's Section 1981 claim simply cannot survive. *See O'Connor v. Northshore International Insurance Services,* 2003 WL 21068432, at * 1 (1st Cir. 2003) (affirming District Court's dismissal of plaintiff's complaint where the complaint failed to state a valid claim for religious discrimination because it did not allege that any individual with decision-making authority harbored animosity toward the plaintiff because of her religion and therefore did not plead sufficient facts to show that the plaintiff was fired because of her religious affiliation)*; Shorette v. Rite Aid of Maine, Inc.,* 155 F.3d 8, 13 (1st Cir. 1998) (motivations or remarks of those who lack hiring and firing authority over the plaintiff cannot form the basis for an employment discrimination claim absent a hostile work environment claim); *Ayala-Gerena v. Bristol Meyers-Squibb, Co.*, 95 F.3d at 96-97

(evidence of two racial remarks was not sufficient to provide evidence of direct discrimination where the plaintiff failed to show the necessary link between the speakers' statements and the adverse employment action).  Because Souvannakane has failed to set forth even minimally sufficient allegations that Sears, or any of the Sears Defendants, discriminated against him on the basis of his race or national origin, his claims must be dismissed.

## CONCLUSION

For all of the above reasons, the Defendants' motion to dismiss should be ALLOWED, and Souvannakane's claims against them should be DISMISSED with prejudice.[3]

```
                                    SEARS, ROEBUCK AND CO., WILLIAM
                                    SULLIVAN, RICHARD SPELLMAN, BARBARA
                                    TAGLIARINO and KEVIN SULLIVAN
                                    By their Attorneys,


                                     /s/  Liza J. Tran_____
                                    Christine M. Netski, (BBO No. 546936)
                                    Liza J. Tran (BBO No. 646818)
                                    Sugarman, Rogers, Barshak & Cohen, P.C.
                                    101 Merrimac Street, 9th Floor
                                    Boston, MA 02114
                                    (617) 227-3030
DATED:  December 13, 2004
```

#357218

---

[3] Count VII of the plaintiff's complaint alleges that he is entitled to collect attorneys fees and costs pursuant to 42 U.S.C. § 1988.  However, as the plaintiff concedes in the complaint, Section 1988 only allows for collection if the plaintiff prevails in his action.  Since the plaintiff has failed to allege sufficient facts to make out a claim under any of the Counts asserted in his complaint, his Count VII claim must also be dismissed.