UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 0412164 MLW

| | |
|---|---|
| ERIC SOUVANNAKANE,<br>    Plaintiff<br><br>v.<br><br>SEARS ROEBUCK & CO., WILLIAM SULLIVAN<br>RICHARD SPELLMAN, BARBARA TAGLIARINO,<br>KEVIN SULLIVAN, ALICIA COVIELLO,<br>GARY MANSFIELD,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT GARY MANSFIELD'S
## ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

### I. INTRODUCTORY AND PRELIMINARY STATEMENT

The Defendant does not respond to the allegations in the Introductory and Preliminary Statement as such allegations do not call for a responsive pleading. To the extent a response is deemed necessary, the Defendant denies the allegations in the Introductory and Preliminary Statement.

### II. PARTIES

1. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore leaves the Plaintiff to prove same.

2. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore leaves the Plaintiff to prove same.

3. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore leaves the Plaintiff to prove same.

4. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and therefore leaves the Plaintiff to prove same.

5. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore leaves the Plaintiff to prove same.

6. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore leaves the Plaintiff to prove same.

7. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore leaves the Plaintiff to prove same.

8. Admitted.

### III. JURISDICTION AND VENUE

9. The Defendant does not respond to the allegations in Paragraph 9 of the Complaint because such allegations are conclusions of law not requiring a responsive pleading.

10. The Defendant does not respond to the allegations in Paragraph 10 of the Complaint because such allegations are conclusions of law not requiring a responsive pleading.

11. The Defendant does not respond to the allegations in Paragraph 11 of the Complaint because such allegations are conclusions of law not requiring a responsive pleading.

12. The Defendant does not respond to the allegations in Paragraph 12 of the Complaint because such allegations are conclusions of law not requiring a responsive pleading.

13. The Defendant does not respond to the allegations in Paragraph 13 of the Complaint because such allegations are conclusions of law not requiring a responsive pleading.

14. The Defendant does not respond to the allegations in Paragraph 14 of the Complaint because such allegations are conclusions of law not requiring a responsive pleading.

### IV. FACTS

15. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore leaves the Plaintiff to prove same.

16. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore leaves the Plaintiff to prove same.

17. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore leaves the Plaintiff to prove same.

18. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore leaves the Plaintiff to prove same.

19. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore leaves the Plaintiff to prove same.

20. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore leaves the Plaintiff to prove same.

21. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore leaves the Plaintiff to prove same.

22. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore leaves the Plaintiff to prove same.

23. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore leaves the Plaintiff to prove same.

24. The Defendant admits the allegations in Paragraph 24 of the Complaint to extent it alleges he responded the Sears Automotive Center on or about October 17, 2003 pursuant to a police department dispatch. The Defendant denies each and every other allegation in Paragraph 24 of the Complaint.

25. Denied.

26. The Defendant admits the allegations in Paragraph 26 of the Complaint to the extent it alleges Defendant requested a Show Cause Hearing. The Defendant denies each and every other allegation in Paragraph 26 of the Complaint.

27. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and therefore leaves the Plaintiff to prove same.

28. Denied.

29. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore leaves the Plaintiff to prove same.

30. Denied.

31. Denied.

## COUNT I

32. The Defendant repeats and realleges his answers to Paragraphs 1 through 31 of the Plaintiff's Complaint as if fully set forth herein.

33. Denied.

34. Denied.

## COUNT II

35. The Defendant repeats and realleges his answers to Paragraphs 1 through 34 of the Plaintiff's Complaint as if fully set forth herein.

36. Denied.

37. Denied.

## COUNT III

38. The Defendant repeats and realleges his answers to Paragraphs 1 through 37 of the Plaintiff's Complaint as if fully set forth herein.

39. Denied.

40. Denied.

## COUNT IV

41. The Defendant repeats and realleges his answers to Paragraphs 1 through 40 of the Plaintiff's Complaint as if fully set forth herein.

42. Denied.

43. Denied.

## COUNT V

44. The Defendant repeats and realleges his answers to Paragraphs 1 through 43 of the Plaintiff's Complaint as if fully set forth herein.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT VI

49. The Defendant repeats and realleges his answers to Paragraphs 1 through 48 of the Plaintiff's Complaint as if fully set forth herein.

50. Denied.

51. Denied.

## COUNT VII

52. The Defendant repeats and realleges his answers to Paragraphs 1 through 51 of the Plaintiff's Complaint as if fully set forth herein.

53. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted, as a result of which this action should be dismissed with prejudice and with costs to the Defendant.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff is estopped by his conduct from recovering on his claim.

### THIRD AFFIRMATIVE DEFENSE

The Defendant says that the injuries or damages alleged were caused in whole or in part by the Plaintiff's own conduct.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant says that the injuries or damages alleged were caused in whole or in part by the violation by the Plaintiff of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

### FIFTH AFFIRMATIVE DEFENSE

The Defendant is entitled to qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

The Defendant was justified in his conduct and acts and, therefore, not liable to the Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendant states that the actions of the Defendant were performed according to, and protected by law, and/or legal process, and that therefore the Plaintiff cannot recover.

### EIGHTH AFFIRMATIVE DEFENSE

The Defendant was privileged in his conduct and acts and, therefore, the Plaintiff cannot recover.

### NINTH AFFIRMATIVE DEFENSE

The Defendant states that at all times relevant hereto, the Defendant acted without malice toward the Plaintiff and that his actions relative to the Plaintiff were privileged by virtue of his acting reasonably and in good faith within the scope of his authority.

### TENTH AFFIRMATIVE DEFENSE

The Defendant has qualified immunity from this suit as the alleged acts complained of occurred within the scope of his official duties and he had no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of the Plaintiff's rights at the time that they were allegedly committed.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claim must fail because the Plaintiff has failed to send a legally sufficient demand/presentment/notice letter to the Town as is statutorily required prior to suing the Town or any of its employees.

### TWELFTH AFFIRMATIVE DEFENSE

The Defendant answering states that the Plaintiff was not deprived any rights secured by either the state or U.S. Constitution or by the laws of the Commonwealth of Massachusetts or the United States.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Defendant answering states that the Plaintiff, by his conduct and actions and/or by the conduct and actions of his agents and servants, has waived any and all rights he may have had against the Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Defendant answering states that if the Plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the Defendant was not and is not legally responsible.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Defendant states that no act or omission by Defendant was a proximate cause of damages, if any, allegedly sustained by the Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Defendant states that public employees are immune from suit for damages caused by any alleged negligence occurring in the performance of their employment pursuant to Mass. Gen. L. ch. 258 § 2.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiff has failed to mitigate his damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Defendant states that Plaintiff cannot recover for alleged conspiracy because Plaintiff was not subject to an invidiously discriminatory class-based animus.

## JURY CLAIM

The Defendant demands a trial by jury on all issues raised in the Complaint and in this Answer.

>The Defendant,
>GARY MANSFIELD,
>By his attorneys,
>
>PIERCE, DAVIS & PERRITANO, LLP
>
>_____
>John J. Cloherty III, BBO #566522
>Ten Winthrop Square
>Boston, MA 02110
>(617) 350-0950

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon each attorney of record, or pro se litigant, by ~~mail/by hand~~. Electronic filing

12/31/04
Date