UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC SOUVANNAKANE,<br>    Plaintiff<br><br>v.<br><br>SEARS, ROEBUCK & CO., WILLIAM SULLIVAN, RICHARD SPELLMAN, BARBARA TAGLIARINO, KEVIN SULLIVAN, ALICIA COVIELLO, GARY MANSFIELD<br>    Defendants | Civil Action No. 0412164MLW |

**REPLY OF THE DEFENDANTS, SEARS, ROEBUCK AND CO., WILLIAM SULLIVAN, RICHARD SPELLMAN, BARBARA TAGLIARINO, ALICIA COVIELLO AND KEVIN SULLIVAN TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

The defendants, Sears, Roebuck and Co., William Sullivan, Richard Spellman, Barbara Tagliarino, Alicia Coviello and Kevin Sullivan (the "Sears Defendants"), submit this reply to the Plaintiff's Opposition to the Sears Defendants' Motion to Dismiss. As discussed below, the plaintiff's opposition blatantly mischaracterizes the legal standards on which the defendants rely in support of their motion, as well as the allegations of the plaintiff's complaint. Despite the plaintiff's protestations to the contrary, the allegations of the plaintiff's complaint clearly do not meet the requirements of Fed. R. Civ. P. 8(a)(2) and, therefore, the plaintiff's complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**ARGUMENT**

I.    The Sears Defendants Clearly Have Set Forth the Relevant Legal Standards for Judging the Sufficiency of the Allegations of the Plaintiff's Complaint.

In a transparent attempt to mask the woeful inadequacy of the allegations of his complaint, the plaintiff misleadingly argues that the Sears Defendants have misstated the legal

principles which govern the resolution of the present motion.  Specifically, the overarching premise of the plaintiff's opposition is his false assertion that the Sears Defendants are basing their motion on the contention that the plaintiff must meet a "heightened pleading standard" in order to avoid dismissal under Fed. R. Civ. P. 12(b)(6).  Contrary to the plaintiff's assertion, the Sears Defendants expressly acknowledge that "there is no heightened pleading standard for civil rights actions" and, instead, argue that the allegations of the plaintiff's complaint are so nonspecific and conclusory that they do not meet even the minimal requirements of Fed. R. Civ. P. 8(a)(2).  *See* Memorandum of the Sears Defendants in Support of their Motion to Dismiss, pp. 6-7.  As the First Circuit made clear in *Educadores Puertorriquenos En Accion v. Hernanadez*, 367 F.3d 61, 68 (1st Cir. 2004), civil rights actions are subject to notice pleading standards and "the complaint should at least set forth minimal facts as to who did what to whom, when, where and why . . . ."  Indeed, the Court in *Hernandez* reiterated the well-established principle that, "in considering motions to dismiss courts should continue 'to eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets'." *Id., quoting Chongris v. Bd. Of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987).

Nor have the Sears Defendants argued – as falsely suggested by the plaintiff – that a plaintiff in an employment discrimination case must plead a *prima facie* case of discrimination under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  To the contrary, the Sears Defendants contend that the allegations of the plaintiff's complaint concerning his termination by Sears do not meet the requirements of Rule 8(a) because they do not provide the Sears Defendants with fair notice of the basis for his claims and the grounds upon which they rest.  As such, it is clear that the plaintiff's allegations concerning his termination  – even if proved – do not support any claim for relief.  *See Sweirkiewicz v. Sorema*

*N.A.*, 534 U.S. 506, 507 (2002) (recognizing that a court may dismiss an employment discrimination complaint if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations").[1]

II. <u>The Plaintiff has Failed to Demonstrate that the Allegations of the Complaint Meet the Requisite Pleading Requirements.</u>

Not only is the plaintiff's assertion that the Sears Defendants have misstated the relevant legal principles entirely unavailing, but the plaintiff has failed to demonstrate that the allegations of his complaint constitute anything more than "subjective characterizations or conclusory descriptions of a general scenario which could be *dominated* by unpleaded fact." *Baxter v. Conte*, 190 F.Supp.2d 123, 128 (D. Mass. 2001) (citations omitted) (emphasis in original). With respect to his claims pursuant to 42 U.S.C. § 1985 (2) and (3) (Counts I and II), although the plaintiff acknowledges that he must allege a "meeting of the minds" sufficient to establish a conspiracy in order to withstand a motion to dismiss, he simply has not done so. Instead, the plaintiff makes vague allegations of discrete events without alleging any factual link among them, other than his conclusory conjecture that there was some ill-defined conspiracy among the defendants.

More specifically, although the plaintiff alleges that, after the oil spill, William Sullivan threatened unidentified employees of Sears that they would be fired if they did not confirm that the plaintiff caused the spill (Complaint, ¶ 23), he does not allege any plan or agreement among any of the defendants with respect to this alleged conduct by Mr. Sullivan. The plaintiff then alleges that the Saugus police responded to the scene and took statements from the unidentified

---

[1] In a further detour from the substantive issues presented by the Sears Defendants' motion, the plaintiff also appears to suggest that the Sears Defendants have not accurately set forth the elements of a cause of action for civil rights conspiracy under § 1985 because they have cited to *Zezulewicz v. Port Authority of Allegheny County*, 290 F. Supp. 2d 583 (W.D. Pa. 2003), a decision of the District Court for the Western District of Pennsylvania, rather than *Andrade v. Jamestown Housing Authority*, 82 F.3d 1179 (1st Cir. 1996), a decision of the First Circuit Court of Appeals. These decisions, however, set forth the elements of the cause of action under § 1985 in nearly identical language and the plaintiff does not even attempt to articulate any substantive difference between them.

3

Sears employees (Complaint, ¶ 24), but he does not make any factual allegations detailing a "meeting of the minds" among any particular Sears employees and/or the police. Finally, the plaintiff alleges that Officer Mansfield "created a report falsely stating that the ethnicity of the plaintiff was unknown, the waste oil had a value of $3,000.00 . . . and defendant Coviello and a Mr. Jose Hernandez had witnessed the spill." (Complaint, ¶ 25) Once again, however, the plaintiff neglects to set forth any facts which would establish that Officer Mansfield's conduct was part of some plan or scheme among two or more of the named defendants.

Under these circumstances, it is clear that the plaintiff has not alleged "a single plan, the essential nature and general scope of which [was] known to each person who is to be held responsible for its consequences." *Sampson v.Village Discount Outlet, Inc.*, 832 F.Supp. 1163 (N.D. Ill. 1993), *quoting Lenard v. Argento*, 699 F.2d 874, 833 (7th Cir. 1983). In *Sampson*, the plaintiff alleged that he was wrongfully detained by a security officer at a retail store because of his religion, in violation of various civil rights statutes, including 42 U.S.C. §1985(2) and (3). The plaintiff's sole allegation of a conspiracy was that a store employee kept him "locked to steel bars" in the "presence and encouragement" of the store manager and his assistant. The court in *Sampson* dismissed the plaintiff's § 1985 claims, stating that he had "failed to alleged any factual basis suggesting the meeting of the minds necessary to establish his conspiracy claim, and his mere conjecture that there has been a conspiracy is not enough to state a claim." *Id.* at 1167. As in *Sampson*, the plaintiff's conspiracy allegations in this case are nothing more than "[u]nsupported inferences and conclusions," *id.* at 1168, and his claims pursuant to 42 U.S.C. § 1985(2) and (3) (Counts I and II) must be dismissed. So too, because the plaintiff has not alleged an actionable conspiracy, his claim pursuant to 42 U.S.C. § 1986 (Count III) must also be dismissed. *Id.* at 1169.

Similarly, the plaintiff has not alleged sufficient facts to establish that the Sears Defendants were acting under color of state law -  a prerequisite to his claim under 42 U.S.C. § 1983.  Because Sears and its employees are not state actors, the plaintiff alleges a conspiracy among the Sears Defendants and Officer Mansfield in an attempt to meet the state action requirement.  The plaintiff argues in his opposition that he has stated a claim under § 1983 because "Souvannakane was prosecuted for something he did not do because Officer Mansfield initiated the prosecution after being told to do so by Sears."  (Opposition, p. 9.)  Nowhere in his complaint, however, does the plaintiff allege that any Sears employee told Officer Mansfield to initiate a prosecution against the plaintiff.  Nor does the plaintiff allege that Officer Mansfield knew that he was provided with false information during the course of his investigation of the oil spill or otherwise cooperated with the private defendants' allegedly illegitimate ends.  Under these circumstances, and as fully argued in the Sears Defendants' principal brief, the plaintiff simply has not pled with sufficient detail the relationship or the nature of the cooperation between the Sears Defendants and any state actor to withstand a motion to dismiss.  *See McGillicudy v. Clements*,  746 F.2d 76, 77 (1st Cir. 1984) ("[E]specially because the circumstances under which cooperation by a private person with law enforcement personnel will convert private action to state action are unclear, . . . it is appropriate to require that the relationship or nature of cooperation between the state and a private individual must be pled *in some detail*.") (citations omitted) (emphasis in original).

Although the plaintiff argues that the *McGillicuddy* decision is inapposite, it is directly on point. In *McGillicuddy*, the plaintiff, a former director of a state agency brought a claim against a private accounting firm under 42 U.S.C. § 1983, alleging that the accounting firm's audit of the state agency resulted in a report to the state legislature containing false and misleading

5

information, the disclosure of which the plaintiff alleged was a violation of his civil rights. In an attempt to establish the requisite state action, the plaintiff alleged a conspiracy between the accounting firm and the state officials who authorized the financial review of the agency. The Court, however, held that the plaintiff's complaint should have been dismissed by the trial court because it did not alleged specific facts to support the conspiracy allegations. The Court reasoned that the plaintiff's speculation that the accounting firm "may have been directed not to do the audit in the usual way during a discussion with state officials" was insufficient to link the conduct of the accounting firm to the state.

Just as in *McGillicuddy*, the plaintiff here has not set forth any facts linking the Sears Defendants' conduct to the state, other than his pure speculation in his opposition that Sears directed Officer Mansfield to initiate a prosecution. In addition, the plaintiff has not alleged any facts to suggest that Officer Mansfield conspired with any of the Sears Defendants to initiate a prosecution of the plaintiff, or that his decision to initiate that prosecution was motivated by anything other than an independent assessment of the evidence and circumstances before him. In fact, in his opposition, the plaintiff states that Officer Mansfield made the decision to prosecute Mr. Souvannakane based on the allegedly false statements of Sears employees, suggesting that Officer Mansfield was somehow duped by Sears and its employees into prosecuting the plaintiff in furtherance of the Sears Defendants' "illegitimate ends." (Opposition, p. 10). Even if this were true, without knowledge of the falsity of the statements, Officer Mansfield could not possibly have formed the requisite state of mind required for a conspiracy. Thus, the plaintiff's vague and conclusory allegations simply do not set forth the close alignment between the private and state actors which is necessary to state a cause of action under § 1983. *See Roche v. John Hancock Mutual Life Ins. Co.*, 81 F.3d 249, 253 (1st Cir. 1996) ("Since § 1983 is aimed at state

6

action and state actors . . ., persons victimized by the tortious conduct of private parties must ordinarily explore other avenues of redress.").[2]

Finally, with respect to the plaintiff's wrongful termination claim pursuant to 42 U.S.C. § 1981, the plaintiff simply has not alleged sufficient facts to state a claim. In his opposition, the plaintiff argues that the complaint "details the events leading to the termination," "provides relevant dates," "includes specific facts about what individual defendants did to deprive plaintiff of constitutionally guaranteed rights" and identifies "the individual defendants [and] the employment capacities in which they served Sears." (Opposition, p. 3.) A review of the actual allegations concerning the plaintiff's termination, however, reveals that the complaint is wholly lacking in this sort of detail. First, the plaintiff does not allege the date on which he was terminated, does not indicate whether the termination occurred before or after the alleged oil spill and does not articulate what, if any, relationship these two events have to one another in terms of any of his legal theories. Second, although the plaintiff alleges that he was terminated because of his race and alleges that "individuals supervising the defendant" referred to him as a "Gook," the plaintiff does not even identify these individuals. Nor does the plaintiff indicate when this incident occurred. Third, the plaintiff does not identify the individuals who terminated his employment, other than to allege that Sears fired him "through its management." Finally, the plaintiff does not link any of the individual Sears Defendants to either the racist remark or the decision to terminate him. Under these circumstances, even if the plaintiff is able to prove what he has alleged, he still will be unable to state a claim for employment discrimination under § 1981. *See O'Connor v. Northshore International Insurance Services*, 2003 WL 21068432, at *1 (1st Cir. 2003) (affirming District Court's dismissal of plaintiff's complaint for religious

---

[2] As fully argued in the Sears Defendants' principal brief, the plaintiff's failure to allege sufficient facts to establish state action is also an additional basis for dismissing the plaintiff's claim pursuant to 42 U.S.C. § 1985(3), which is grounded on rights which are only protected against public encroachment.

discrimination where it did not allege that any individual with decision-making authority harbored animosity toward the plaintiff because of her religion; *Shorette v. Rite Aid of Maine, Inc.*, 155 F.3d 8, 13 (1st Cir. 1998) (motivations or remarks of those who lack hiring and firing authority over the plaintiff cannot from the basis for an employment discrimination claim absent a hostile work environment claim).

## **CONCLUSION**

For these reasons, as well as the reasons set forth in the Memorandum of the Sears Defendants in Support of their Motion to Dismiss, the Sears Defendants respectfully request the Court to allow their motion to dismiss and to dismiss the plaintiff's claims with prejudice.

>Defendants,
>Sears, Roebuck and Co., William Sullivan, Richard Spellman, Barbara Tagliarino, Alicia Coviello, and Kevin Sullivan
>By their Attorneys,
>
>_____
>Christine M. Netski, (BBO No. 546936)
>Liza J. Tran (BBO No. 646818)
>Sugarman, Rogers, Barshak & Cohen, P.C.
>101 Merrimac Street, 9th Floor
>Boston, MA 02114
>(617) 227-3030

DATED:   January 11, 2005

358255