UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE
2005 JAN 20 P 3:2?
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Eric Souvannakane, | )<br>)<br>) |
| Plaintiff | )<br>)<br>) |
| v. | ) Civil Action No. 04-12164-MLW |
| Sears, Roebuck & Co., William Sullivan, Richard Spellman, Barbara Tagliarino, Kevin Sullivan, Alicia Coviello, & Gary Mansfield | )<br>)<br>)<br>) |
| Defendants | )<br>) |

## PLAINTIFF'S SURREPLY TO SEARS, ROEBUCK & CO. DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

In reply to the "Sears Defendants" reply to his opposition to their motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., the Plaintiff offers the following:

On page 2 of their reply, the "Sears Defendants" state "Sears Defendants expressly acknowledge that there is no heightened pleading standard for civil rights actions and instead argue that the allegations of plaintiff's complaint are so non specific and conclusory that they do not even meet the minimal requirements of Fed. R. Civ. P. 8(a)(2). Then citing *Educadores Puertorriqueños En Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004) defendants state that the Plaintiff's complaint fails to "set forth minimal facts as to who did what to whom, when, where and why." (Def. Reply, p. 2). The Plaintiff contends that the defendants have mischaracterized plaintiff's complaint, but in the interest of judicial economy refrains from responding to those allegations in this document because the Defendants' acknowledgment mandates denial of their motion to dismiss pursuant to Rule12(b)(6), Fed. R. Civ. P.

1

The Supreme Court has stated that "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002). Therefore, by admitting that there is no heightened pleading requirement and that Rule 8(a)(2) is the pleading standard, the Federal Rules entitle the "Sears Defendants" to nothing more than a more definite statement pursuant to Rule 12(e).

For all these reasons, the defendants' motion to dismiss should be DENIED, and Mr. Souvannakane's claims against them should be allowed to proceed.

                                        Eric Souvannakane

                                        By his attorneys,

Dated: January 20, 2005

Kurt S. Olson (BBO # 632300)
500 Federal St.
Andover, Ma. 01810
978-681-0800

Andrew Gradzewicz (BBO # 206220)
114 Newton St.
Lawrence, Ma. 01843
978-683-1050

## CERTIFICATE OF SERVICE

I hereby certify that I mailed by first-class mail, postage prepaid copies of this **PLAINTIFF'S SURREPLY TO SEARS, ROEBUCK & CO. DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** to the following on January 20, 2005:

Christine M. Netski, Esq.
Liza J. Tran, Esq.
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, Ma. 02114

John J. Cloherty III, Esq.
Pierce, Davis & Perritano, LLP
10 Winthrop Sq.
Boston, Ma. 02110

/s/ Kurt Olson
Kurt S. Olson (BBO # 632300)
500 Federal St.
Andover, Ma. 01810
978-681-0800