UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ERIC SOUVANNAKANE, )
    Plaintiff )
 )
v. ) Civil Action No. 04-12164-MLW
 )
SEARS, ROEBUCK & COMPANY, Et Al., )
    Defendants )
 )

## PLAINTIFF'S MOTION TO PRESERVE THE RIGHT TO AMEND HIS COMPLAINT

The group known as the "Sears Defendants" have before the Court a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. The Plaintiff through his counsel has opposed this motion, and now files his own motion asking the Court to preserve the "Plaintiff's Right To Amend His Complaint" if it grants the Sears Defendants' motion. In support the Plaintiff offers the following:

1. Rule 15 of the Federal Rules of Civil Procedure is the authority which grants a party the right to amend at any time before a responsive pleading is served, or at any time with leave of the Court.

2. The Sears Defendants filed a motion to dismiss for failure to state a claim, arguing that Rule 12(b)(6) is the pleading standard in the 1st Circuit; the plaintiff responded with his opposition, arguing that Rule 8(a) is the pleading standard. The Sears Defendants responded with their reply agreeing that 8(a) is the standard, but stating that in the 1st Circuit the complaint still must plead sufficient facts (a heightened standard), to survive a motion to dismiss pursuant to Rule 12(b)(6).

3. The Supreme Court in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) and the First Circuit Court of Appeals in *Educadores Puertorriqueños v. Hernandez*, 367 F.3d 61 (1st

Cir. 2004), were both quite clear that Rule 8(a) is the pleading standard for complaints filed in the district courts, and the Plaintiff's complaint was drafted in accordance with those decisions.

4. In *Educadores*, the 1st Circuit was quite clear in specifically holding that all of its prior decisions requiring a heightened pleading standard on civil rights complaints are now overruled. However, the Sears Defendants appear to be arguing the heightened pleading standard is still in effect, but presumably now applies as to Rule 8(a).

5. In *The Dartmouth Review v. Dartmouth College*, 889 F.2d 13 (1st Cir. 1989), the Court affirmed three facts of law that are applicable to the present situation: (a) "a motion to dismiss is not a responsive pleading." *Id.* at 22.; (b) "the thrust of Rule 15(a) is aimed at pre-judgment phases of litigation." *Id.*; "In this Circuit, it's a party's first obligation to seek any relief that might fairly have been thought to have been available in the district court, before seeking it on appeal." *Id.* Therefore, in the interest of judicial economy, fairness to all the litigants, and counsel's duty to his client, the Plaintiff requests that the Court preserve the Plaintiff's right to amend his complaint so as to conform to the standard imposed by the Court, if it finds that his complaint has failed to state a claim.

6. The Plaintiff sought concurrence from the Sears Defendants' counsel and counsel for the individual Defendant, Gary Mansfield; counsel for Mansfield wrote that he would not file an opposition but could not grant his assent, and Sears Defendants' counsel wrote that she would not grant assent and may oppose the motion if filed with the Court.

**WHEREFORE**, the Plaintiff respectfully moves this Honorable Court to:

A. In any order issued by the Court pursuant to the defendants motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure that is presently before the

Court, preserve in that order for the Plaintiff, a right to amend his complaint, so as to comply with the pleading standard the Court imposes, if the Court finds his present complaint insufficient to survive the Defendant's motion to dismiss.

Respectfully submitted,
Eric Souvannakane

By his attorneys,

Dated: March 22, 2005

Kurt S. Olson (BBO # 632300)
500 Federal Street
Andover, Ma. 01810
(978) 681-0800

## CERTIFICATE OF SERVICE

I hereby certify that I mailed by first class mail, postage prepaid, copies of this motion, **PLAINTIFF'S MOTION TO PRESERVE THE RIGHT TO AMEND HIS COMPLAINT**, to the following on March 22, 2005:

Christine M. Netski, Esq.
Liza J. Tran, Esq.
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, Ma. 02114

John J. Cloherty, III, Esq.
Pierce, Davis & Perritano, LLP
10 Winthrop Sq.
Boston, Ma. 02110

**Dated**: March 22, 2005

Kurt S. Olson