UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC SOUVANNAKANE,<br>    Plaintiff<br><br>v.<br><br>SEARS, ROEBUCK & CO., WILLIAM<br>SULLIVAN, RICHARD SPELLMAN,<br>BARBARA TAGLIARINO, KEVIN SULLIVAN,<br>ALICIA COVIELLO, GARY MANSFIELD<br>    Defendants | Civil Action No. 0412164MLW |

## ANSWER AND JURY CLAIM

### I.  PREFACE/INTRODUCTION AND PRELIMINARY STATEMENT

The defendants, Sears, Roebuck and Co., William Sullivan, Richard Spellman, Barbara Tagliarino, Alicia Coviello and Kevin Sullivan (collectively, the "Sears Defendants") do not respond to the allegations in the Preface or the Introductory and Preliminary Statement as such allegations do not call for a responsive pleading.  To the extent a responsive pleading is deemed necessary, the allegations are denied.

### II.  PARTIES

1.  The Sears Defendants lack knowledge or information sufficient to enable them to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.  The Sears Defendants admit that Sears, Roebuck and Co. is a retail department store chain with corporate offices located at Hoffman Estates, Illinois.  The Sears Defendants further admit that there is a Sears store located at 1325 Broadway in Saugus, Massachusetts.  The Sears Defendants deny the remaining allegations in paragraph 2 of the Complaint.

3. The Sears Defendants admit that William Sullivan is employed by Sears, Roebuck and Co., but deny the remaining allegations in paragraph 3 of the Complaint.

4. The Sears Defendants admit that Richard Spellman is employed by Sears, Roebuck and Co., but deny the remaining allegations in paragraph 4 of the Complaint.

5. The Sears Defendants admit that Barbara Tagliarino is employed by Sears, Roebuck and Co., but deny the remaining allegations in paragraph 5 of the Complaint.

6. The Sears Defendants admit that Kevin Sullivan is employed by Sears, Roebuck and Co., but deny the remaining allegations in paragraph 5 of the Complaint.

7. Denied.

8. Admitted.

### III.   JURISDICTION AND VENUE

9. The allegations of paragraph 9 of the Complaint state a legal conclusion as to which no response is required.

10. The allegations of paragraph 10 of the Complaint state a legal conclusion as to which no response is required.

11. The allegations of paragraph 11 of the Complaint state a legal conclusion as to which no response is required.

12. The allegations of paragraph 12 of the Complaint state a legal conclusion as to which no response is required.

13. The allegations of paragraph 13 of the Complaint state a legal conclusion as to which no response is required.

14. The allegations of paragraph 14 of the Complaint state a legal conclusion as to which no response is required.

## IV.    FACTS

15. Admitted.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. The Sears Defendants lack knowledge or information sufficient to enable them to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Denied.

29. Admitted.

30. The allegations in paragraph 30 of the Complaint state a legal conclusion as to which no response is required.  To the extent a response is required, the allegations are denied.

31. The allegations in paragraph 31 of the Complaint state a legal conclusion as to which no response is required.  To the extent a response is required, the allegations are denied.

## COUNT I

32. The Sears Defendants repeat and reallege their answers to paragraphs 1 through 31 of the Complaint as if fully set forth herein.

33. Denied.

34. Denied.

## COUNT II

35. The Sears Defendants repeat and reallege their answers to paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. Denied.

37. Denied.

## COUNT III

38. The Sears Defendants repeat and reallege their answers to paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39. Denied.

40. Denied.

## COUNT IV

41 – 43.   Count IV and the paragraphs contained therein have been dismissed by the Court.  As such, no response is required.

## COUNT V

44 – 48.   Count V and the paragraphs contained therein have been dismissed by the Court.  As such, no response is required.

## COUNT VI

49. The Sears Defendants repeat and reallege their answers to paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50. Denied.

51. Denied.

## COUNT VII

52. The Sears Defendants repeat and reallege their answers to paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Sears's actions were based on lawful, nondiscriminatory, business-related-reasons wholly unrelated to plaintiff's race and/or national origin.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to make reasonable efforts to mitigate this alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff cannot recover for any alleged conspiracy because the Plaintiff was not subject to an invidiously discriminatory, class-based animus.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff cannot recover for any injuries or damages because his termination was not motivated by any discriminatory animus.

## JURY CLAIM

The Sears Defendants demand a trial by jury on all issues raised in the Complaint.

        Defendants,
        Sears, Roebuck and Co., William Sullivan,
        Richard Spellman, Barbara Tagliarino,
        Alicia Coviello, and Kevin Sullivan
        By their Attorneys,


        /s/ Liza J. Tran
        Christine M. Netski, (BBO No. 546936)
        Liza J. Tran (BBO No. 646818)
        Sugarman, Rogers, Barshak & Cohen, P.C.
        101 Merrimac Street, 9th Floor
        Boston, MA 02114
        (617) 227-3030

DATED:  May 16, 2006

## CERTIFICATE OF SERVICE

     I hereby certify that on May 16, 2006, I electronically filed this Answer and Jury Claim with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| John J. Cloherty, III, Esquire | Kurt S. Olson, Esquire |
| Ten Winthrop Square | 500 Federal Street |
| Boston, MA 02110 | Andover, MA 01810 |


        /s/ Liza J. Tran
        Liza J. Tran

#376846