# EXHIBIT 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC SOUVANNAKANE,<br>    Plaintiff<br><br>v.<br><br>SEARS, ROEBUCK & CO., WILLIAM<br>SULLIVAN, RICHARD SPELLMAN,<br>BARBARA TAGLIARINO, KEVIN SULLIVAN,<br>ALICIA COVIELLO, GARY MANSFIELD<br>    Defendants | Civil Action No. 0412164MLW |

## DEFENDANT, KEVIN SULLIVAN'S ANSWERS TO PLAINTIFF, ERIC SOUVANNAKANE'S FIRST SET OF INTERROGATORIES

Defendant Kevin Sullivan ("Sullivan") responds to the interrogatories propounded by the plaintiff, Eric Souvannakane ("Souvannakane"), as follows:

### General Objections

1. The defendant objects generally to these interrogatories to the extent they seek to impose obligations upon him that are different or broader than those imposed by the Federal Rules of Civil Procedure. The defendant respectfully declines to provide information or respond to these interrogatories other than as required by those Rules.

2. The defendant objects generally to these interrogatories to the extent they seek information protected by the attorney-client privilege or the work-product doctrine.

3. The defendant incorporates these General Objections by reference into each of its responses, set forth below.

## Specific Objections and Responses

### Interrogatory No. 1

State your full name, and the name you customarily use, your residence address and telephone number, your social security number and your date of birth, place of birth (city, county, and state, or what country), and the exact name appearing on your birth certificate.

### Answer No. 1

The defendant objects to Interrogatory No. 1 to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence within the meaning of Rule 26(b) of the Federal Rules of Civil Procedure. Subject to and without waiving his objections, the defendant answers as follows: Name: Kevin James Sullivan; Current residential address: 24 Sherman Place, Medford, MA 02155; Date of birth: December 28, 1982; Place of birth: Malden, Massachusetts.

### Interrogatory No. 2

Identify and describe your employment history, including military service if applicable, since high school, but prior to your employment at Sears Roebuck & Co (sic).

### Answer No. 2

Subject to and without waiving his objections, the defendant states as follows: Prior to my employment at Sears, I was employed at the Shaw's Star Market in Medford, Massachusetts beginning in 1997 until 2001. I was also employed at Medford Cooperative Bank in Medford, Massachusetts as a Personal Banking Assistant from 1999 until 2001.

2

**Interrogatory No. 3**

Provide a complete history of employment with Sears Roebuck & Co. (sic), including your title/position as an employee within the "Automotive Department" of the Saugus, Massachusetts store, to the present date.

**Answer No. 3**

Subject to and without waiving his objections, the defendant states as follows: I was hired by Sears in 2001 as a Customer Service Associate in the automotive department in the Saugus, Massachusetts store. I began my employment at Sears as a Customer Service Associate. Approximately one year after I was hired, I was promoted to Lead CSA and still hold this position.

**Interrogatory No. 2 (sic)**

Provide a complete history as to who informed you of an oil spill/spills in the automotive department on either October 16th or 17th of 2003, and what you observed, including but not limited to:

    a.    the date and time of day you were informed

    b.    the identity of everyone present when you were informed

    c.    what you were told and who told it to you as regards the spill/spills in question

    d.    the location of the spill/spills

    e.    the volume of liquid present when you first observed the spill/spills

    f.    the capacity of the container from which the liquid allegedly came

g. whether or not material was still leaking from the container from which the liquid allegedly came

h. whether you righted the container from which the affluent was leaking, instructed someone else to right the container, or the container was righted by someone else prior to your observance of the spill/spills.

**Answer No. 4**

The defendant objects to Interrogatory No. 4 to the extent that it assumes there was more than one spill in the Sears automotive department on either October 16th or 17th of 2003. Subject to and without waiving his objections, the defendant answers as follows:

a. – d. On the evening of October 16, 2003, just prior to closing, I was informed by John Baldi and Michael Katsaris that there was an oil spill in the oil bay. Upon my arrival on the morning of October 17, 2003, Andrew DiGaetono informed me that there was a "big" oil spill in the oil bay.

e. I first observed the spill on the morning of October 17, 2003, but am unaware of the exact volume of the spill.

f. It is my understanding that the oil spilled from a 55 gallon waste oil drum.

g. – h. I do not recall if any oil was still leaking from the drum on the morning of October 17th, nor do I recall who "righted" the drum that morning.

**Interrogatory No. 3 (sic)**

Provide a complete history of the actions taken by you or instructions given by you to other employees of the Automotive Department regarding the spill on the dates of October 16th & 17th, 2003, including but not limited to:

4

    a.    when you initiated a cleanup

    b.    the identity of the individual/individuals charged with the cleanup

    c.    how the individual/individuals charged with the cleanup proceeded with the process

    d.    the identity and source of any and all fluids or other materials added to the initial spill

    e.    whether the acts/actions taken by the individual/individuals chaarged with the cleanup effectively controlled the initial spill or exacerbated and spread the spill.

**Answer No. 5**

The defendant objects to Interrogatory No. 3 (sic) on the ground that the phrase "controlled the initial spill or exacerbated and spread the spill" is vague and ambiguous. Subject to and without waiving his objections, the defendant answers as follows: After viewing the oil spill on the morning of October 17, 2003, I contacted Alicia Coviello at the loss prevention office at the main Sears store in Saugus. While waiting for Ms. Coviello to come view the spill, Andrew DiGaetono attempted to clean the spill by thinning the spill with a mixture of water and degreaser and then attempting to push the spill into the drains in the oil bay. Upon arriving in the oil bay and viewing the oil spill, Ms. Coviello contacted Sears management staff to inform them of the spill. She next contacted an environmental company to clean the spill. The environmental company arrived shortly thereafter and cleaned the spill. I am not aware of the particular actions taken by the environmental company in cleaning the spill, including whether or not they "added" any materials to the spill during the clean up.

**Interrogatory No. 4 (sic)**

Provide a complete history of all conversations which you had with employees/agents, or supervisory personnel of Sears Roebuck & Co. (sic), as well as local and state law enforcement, regarding the oil spill which Sears Roebuck & Co. (sic) alleges to have been committed by Eric Souvannakane. Include in your answer whether or not you observed Mr. Souvannakane spill the container from which the liquid cleaned up on October 17th, 2003 allegedly discharged.

**Answer No. 6**

The defendant objects to this interrogatory on the ground that it is overbroad, unduly burdensome and more properly the subject of a deposition. Subject to and without waiving his objections, the defendant answers as follows: I spoke with Andrew DiGaetono, Alicia Coviello, William Sullivan, and Anthony Cieri regarding the oil spill. To the best of my recollection, I did not speak with any local or state law enforcement regarding the spill. Further, I did not observe Souvannakane spill any oil on the evening of October 16, 2003.

**Interrogatory No. 5 (sic)**

Identify and place a value on all property destroyed by the liquid spilled on either October 16th or 17th, 2003 including in your answer the identity of any property that was replaced and any structural repairs made to the automotive center.

**Answer No. 7**

Subject to and without waiving his objections, the defendant answers as follows: I have no knowledge of any information responsive to this interrogatory.

**Interrogatory No. 6 (sic)**

Provide a complete history of the number of times the floor of the automotive center in Saugus has been cleaned by a means other than sweeping or vacuuming during employment at Sears. (Please provide dates or approximate dates.)

**Answer No. 8**

The defendant objects to Interrogatory No. 6 (sic) on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence within the meaning of Rule 26(b) of the Federal Rules of Civil Procedure. The defendant further objects on the ground that the term "cleaned" is vague and ambiguous. Subject to and without waiving his objections, the defendant answers as follows: The oil bay floor is pressure washed and degreased as needed.

**Interrogatory No. 7 (sic)**

Provide the identity of any employee or employees who told you or that you heard tell others, that management other than yourself, was coercing them into blaming the spill referenced above on to Eric Souvannakane, and your response to what you were told or heard.

**Answer No. 9**

The defendant objects to Interrogatory No. 9 (sic) to the extent that it assumes he is "management." Subject to and without waiving his objections, the defendant answers as follows: I never heard any Sears employee, management or otherwise, coerce or order any Sears employee to blame the spill that is the subject of this lawsuit on Souvannakane, nor has any Sears employee ever informed me that they were so coerced or ordered.

**Interrogatory No. 8 (sic)**

Provide a complete description of the material which the floor of the auto center in Saugus, Massachusetts is composed, the location of any drains contained within the floor, and whether the floor is level or pitches/slopes towards the drains.

**Answer No. 10**

The defendant objects Interrogatory No. 8 (sic) on the ground that it is overly burdensome. Subject to and without waiving his objections, the defendant answers as follows: To the best of my knowledge, the floor in the oil bay of the auto department is comprised of concrete. I do not know the specific location of the drains located in the floor, or whether the floor is "level or pitches/slopes towards the drains."

**Interrogatory No. 9 (sic)**

Provide a complete explanation as to how liquid contained within the barrel of waste oil allegedly tipped over by Eric Souvannakane, within the automotive center building, escaped the building and discharged into the parking area around the building.

**Answer No. 11**

The defendant objects to Interrogatory No. 9 (sic) on the ground that the phrases "escaped the building" and "parking area" are vague and ambiguous.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS
7th DAY OF April, 2006.

*[signature]*

As to Objections:

Defendant, Kevin Sullivan
By his Attorneys,

*[signature]*

Christine M. Netski (BBO No. 546936)
Liza J. Tran (BBO No. 646818)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

9

## CERTIFICATE OF SERVICE

I, Liza J. Tran, hereby certify that on April 10, 2006, I served the within document by mailing a copy of same, postage prepaid, to the following counsel of record:

John J. Cloherty, III, Esquire
Pierce, Davis & Perritano, LLP
Ten Winthrop Square
Boston, MA 02110

Kurt S. Olson, Esquire
500 Federal Street
Andover, MA 01810

*/s/ Liza J. Tran*
Liza J. Tran

373995