EXHIBIT 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC SOUVANNAKANE,<br>    Plaintiff<br><br>v.<br><br>SEARS, ROEBUCK & CO., WILLIAM<br>SULLIVAN, RICHARD SPELLMAN,<br>BARBARA TAGLIARINO, KEVIN SULLIVAN,<br>ALICIA COVIELLO, GARY MANSFIELD<br>    Defendants | Civil Action No. 0412164MLW |

## DEFENDANT, ALICIA COVIELLO'S ANSWERS TO PLAINTIFF, ERIC SOUVANNAKANE'S FIRST SET OF INTERROGATORIES

Defendant Alicia Coviello ("Coviello") responds to the interrogatories propounded by the plaintiff, Eric Souvannakane ("Souvannakane"), as follows:

### General Objections

1. The defendant objects generally to these interrogatories to the extent they seek to impose obligations upon her that are different or broader than those imposed by the Federal Rules of Civil Procedure. The defendant respectfully declines to provide information or respond to these interrogatories other than as required by those Rules.

2. The defendant objects generally to these interrogatories to the extent they seek information protected by the attorney-client privilege or the work-product doctrine.

3. The defendant incorporates these General Objections by reference into each of its responses, set forth below.

## Specific Objections and Responses

### Interrogatory No. 1

State your full name, and the name you customarily use, your residence address and telephone number, your social security number and your date of birth, place of birth (city, county, and state, or what country), and the exact name appearing on your birth certificate.

### Answer No. 1

The defendant objects to Interrogatory No. 1 to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence within the meaning of Rule 26(b) of the Federal Rules of Civil Procedure. Subject to and without waiving her objections, the defendant answers as follows: Name: Alicia Marie Coviello; Current residential address: 168 Water Street, Saugus, MA 01906; Date of birth: August 4, 1982; Place of birth: Lynn, Massachusetts.

### Interrogatory No. 2

Provide a complete history of employment, including military service, since leaving high school (excluding employment with Sears & Roebuck & Co. (sic)).

### Answer No. 2

Subject to and without waiving her objections, the defendant answers as follows: Since leaving high school, my only other employer besides Sears, Roebuck and Co. has been Aggregate Industries. I have worked there as an administrator since September 2004 to the present.

### Interrogatory No. 3

Provide a complete history of your employment with Sears Roebuck & Co (sic).

**Answer No. 3**

Subject to and without waiving her objections, the defendant answers as follows: I was hired by Sears in 1999 as a cashier in the Saugus, Massachusetts store, and worked for Sears until August, 2004. During the course of my employment at Sears, I was promoted twice, first to the position of Loss Prevention Associate and next to the position of Office Manager.

**Interrogatory No. 4**

Provide a complete history of your involvement with the oil spill alleged to have been caused by Eric Souvannakane, including but not limited to the following:

- a. When you were notified of the spill;
- b. Who notified you;
- c. What the person who notified you said;
- d. The day and time you first observed the spill;
- e. What you observed when you first saw the spill;
- f. The makeup of the liquid discharged;
- g. Who you interviewed and all actions taken by you after observing the spill;
- h. The content of all interviews of Sears Roebuck (sic) employees in which you participated either as the questioner or an observer;
- i. Who you reported to and any instructions given to you and by whom they were given;
- j. The identity of all witnesses to the spill and any written or oral statements taken from them;

3

k. Who sent you to the probable cause hearing at the Lynn District Court on November 25, 2003;

l. The content of your testimony, if any, at the probable cause hearing;

m. Who you observed at the probable cause hearing;

n. The identity of any individuals instructed by you or any other Sears management personnel who were instructed to appear at the magistrate's hearing and whether they appeared and testified;

o. The content of all conversations between yourself, the Saugus police, the Essex County District Attorneys' Office and any employee of that office;

p. Whether or not you testified at the trial of Eric Souvannakane;

q. Who ordered you to testify and the content of your testimony;

r. Everything else that you can remember as to your involvement in the matter.

**Answer No. 4**

Subject to and without waiving her objections, the defendant answers as follows:

a. – c. On the morning of October 17, 2003, Kevin Sullivan told me there was an oil spill in the oil bay in the automotive department.

d. – f. I first observed the spill about 10 minutes after I learned of the spill when I walked into the oil bay in the automotive department. Although the initial spill was waste oil, an automotive technician attempted to clean the spill by treating it with a mixture of degreaser and water.

g. – h. The defendant objects to Interrogatory No. 4(g) on the ground that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery

of admissible evidence within the meaning of Rule 26(b) of the Federal Rules of Civil Procedure. Subject to and without waiving her objections, the defendant answers as follows: After William Sullivan, the District Loss Prevention Manager, arrived, I assisted Mr. Sullivan in interviewing Sears employees regarding the oil spill. Sears has produced the statements of these employees in response to the plaintiff's request for production of documents. Sears has also produced a written statement given by me regarding the events of October 17, 2003.

    i.    The defendant objects to Interrogatory No. 4(i) on the ground that it is unduly vague and ambiguous.

    j.    *See* Answer No. 4 (g. – h.)

    k.    The defendant received a subpoena mandating her attendance at a hearing in Lynn District Court on November 25, 2003.

    l.    The defendant objects to Interrogatory No. 4(l) on the ground that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence within the meaning of Rule 26(b) of the Federal Rules of Civil Procedure. Subject to and without waiving her objections, the defendant states as follows: My testimony at the hearing is a matter of public record and speaks for itself.

    m.    The defendant objects to Interrogatory No. 4(m) on the ground that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence within the meaning of Rule 26(b) of the Federal Rules of Civil Procedure. Subject to and without waiving her objections, the defendants answers as follows: I do not recall which witnesses testified at this hearing.

    n.    I was not instructed by any Sears employee to appear at the magistrate's hearing, nor am I aware that anyone else was instructed by any Sears employee to appear at the magistrate's hearing.

    o.    The defendant objects to Interrogatory No. 4(o) on the ground that it is unduly burdensome and more properly the subject of a deposition. Subject to and without waiving her objections, the defendant answers as follows: I had conversations with Officer Mansfield of the Saugus Police Department and with the Essex County Assistant District Attorney who prosecuted the case against Mr. Souvannakane on behalf of the Commonwealth of Massachusetts. I do not recall her name.

    p.    Yes.

    q.    The defendant objects to Interrogatory No. 4(q) on the ground that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence within the meaning of Rule 26(b) of the Federal Rules of Civil Procedure. Subject to and without waiving her objections, the defendant states as follows: I received a subpoena directing me to appear and testify at the trial of Eric Souvannakane. My testimony is a matter of public record and speaks for itself.

    r.    The defendant objects to Interrogatory No. 4(r) on the ground that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence within the meaning of Rule 26(b) of the Federal Rules of Civil Procedure.

**Interrogatory No. 5**

When did you first come to know that a Sears employee, not Eric Souvannakane, had hydrated the liquid that spilled from the barrel of waste oil and exacerbated the

situation to the point that you could no longer clean it up with the roll of paper towels you brought with you to the automotive center.

**Answer No. 5**

The defendant objects to Interrogatory No. 5 on the ground that the term "hydrated" and the phrase "exacerbated the situation" are unduly vague and ambiguous. Subject to and without waiving her objections, the defendant answers as follows: I was informed by Kevin Sullivan that an automotive technician attempted to clean the oil spill prior to my inspection using a mixture of water and degreaser to thin the oil and push it into the drains in the oil bay. I did not bring a roll of paper towels with me to the oil bay, nor could the spill have been cleaned up with a roll of paper towels at any time on October 17, 2003.

**Interrogatory No. 6**

Provide a complete statement as to why you are no longer employed by Sears Roebuck & Co (sic).

**Answer No. 6**

Subject to and without waiving her objections, the defendant answers as follows: Shortly after my last promotion, Sears eliminated my position and offered me another job within Sears or a severance package. I accepted the severance package.

**Interrogatory No. 7**

Answer in complete detail as to whether you were ever coerced, intimidated, threatened or begged by a superior official within Sears Roebuck & Co. (sic) to blame the oil spill in question on Eric Souvannakane.

7

**Answer No. 7**

No.

**Interrogatory No. 8**

Did you or did you ever witness any other management personnel coerce, intimidate, threaten, or beg any other Sears employee/employees to provide false statements/testimony either oral or written as to what happened regarding the oil spill Sears attributed to Eric Souvannakane.

**Answer No. 8**

No.

**Interrogatory No. 9**

Answer in complete detail and provide the identity of the two witnesses alleged to have observed Eric Souvannakane tipping over the barrel of waste oil, as testified to by you at the magistrate's hearing in the Lynn District Court on November 25, 2003, and explain why neither Sears nor you had those two witnesses available to testify at the hearing.

**Answer No. 9**

Subject to and without waiving her objections, the defendant answers as follows: Jose Hernandez and Michael Katsaris both made statements that implicated Eric Souvannakane in an oil spill on the evening of October 16, 2003. Sears has produced the witness statements signed by both individuals in response to the plaintiff's request for production of documents. Further, neither I nor Sears were authorized to require that any individuals appear and testify in the criminal case prosecuted by the Commonwealth of Massachusetts.

8

**Interrogatory No. 10**

Explain in complete detail why one of the two alleged witnesses to Eric Souvannakane tipping over the barrel of waste oil was fired by Sears Roebuck & Co. shortly after the magistrate's hearing.

**Answer No. 10**

Subject to and without waiving her objections, the defendant answers as follows: To my knowledge, Michael Katsaris was terminated for fighting with another employee. I am not aware of whether this was "shortly after the magistrate's hearing."

**Interrogatory No. 11**

Describe in complete detail any and all reports, conversations, discussions, and communications, between yourself and Sears management personnel senior to you, whether written, oral, wire or electronic, concerning the oil spill alleged to have been caused by Eric Souvannakane.

**Answer No. 11**

The defendant objects Interrogatory No. 11 on the ground that it is unduly burdensome and more properly the subject of a deposition. Subject to and without waiving her objections, the defendant answers as follows: I spoke with the following people regarding the oil spill: Andrew Gershman, Operations Manager; Keith Forget, Loss Prevention Manager; Jonathan Coe, District Operations Manager; and William Sullivan, District Loss Prevention Manager.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 7th DAY OF April, 2006.

*[signature]*

As to Objections:

Defendant, Alicia Coviello
By her Attorneys,

*[signature]*

Christine M. Netski, (BBO No. 546936)
Liza J. Tran (BBO No. 646818)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

## CERTIFICATE OF SERVICE

I, Liza J. Tran, hereby certify that on April 10, 2006, I served the within document by mailing a copy of same, postage prepaid, to the following counsel of record:

John J. Cloherty, III, Esquire
Pierce, Davis & Perritano, LLP
Ten Winthrop Square
Boston, MA 02110

Kurt S. Olson, Esquire
500 Federal Street
Andover, MA 01810

_____
Liza J. Tran

373955