EXHIBIT 7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ERIC SOUVANNAKANE,
     Plaintiff

v.

SEARS, ROEBUCK & CO., WILLIAM
SULLIVAN, RICHARD SPELLMAN,
BARBARA TAGLIARINO, KEVIN SULLIVAN,
ALICIA COVIELLO, GARY MANSFIELD,
     Defendants

Civil Action No. 0412164MLW

## DEFENDANT, WILLIAM SULLIVAN'S ANSWERS TO PLAINTIFF, ERIC SOUVANNAKANE'S FIRST SET OF INTERROGATORIES

Defendant William Sullivan ("Sullivan") responds to the interrogatories propounded by the plaintiff, Eric Souvannakane ("Souvannakane"), as follows:

### General Objections

1.     The defendant objects generally to these interrogatories to the extent they seek to impose obligations upon him that are different or broader than those imposed by the Federal Rules of Civil Procedure.  The defendant respectfully declines to provide information or respond to these interrogatories other than as required by those Rules.

2.     The defendant objects generally to these interrogatories to the extent they seek information protected by the attorney-client privilege or the work-product doctrine.

3.     The defendant incorporates these General Objections by reference into each of its responses, set forth below.

## Specific Objections and Responses

### Interrogatory No. 1

State your full name, and the name you customarily use, your residence address and telephone number, your social security number and your date of birth, place of birth (city, county, and state, or what country), and the exact name appearing on your birth certificate.

### Answer No. 1

The defendant objects to Interrogatory No. 1 to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence within the meaning of Rule 26(b) of the Federal Rules of Civil Procedure. Subject to and without waiving his objections, the defendant answers as follows: Name: William Curtis Sullivan; Current residential address: 12 Myrtle Street, Leominster, Massachusetts; Date of birth: October 28, 1958; Place of birth: Winchester, Massachusetts.

### Interrogatory No. 2

Provide a complete history of employment, including military service, since leaving high school.

### Answer No. 2

Subject to and without waiving his objections, the defendant answers as follows: I graduated from high school in 1976 and have been employed by Sears since 1975.

### Interrogatory No. 3

Provide a complete history of your involvement in the oil spill alleged to have been caused by Eric Souvannakane, at the Sears Automotive Center in Saugus, Massachusetts, including but not limited to the following:

2

    a.      how you were notified and who notified you of the spill;

    b.      who you interviewed regarding the spill, your questions and statements and the interviewee's response;

    c.      the content of all conversations with the Saugus Police, state law enforcement, federal authorities, and your superiors within Sears Roebuck & Co.;

    d.      what you observed when you arrived at the Automotive Center in Saugus and saw the spill;

    e.      how you concluded that Eric Souvannakane was the party responsible for the spill.

## Answer No. 3

Subject to and without waiving his objections, the defendant answers as follows:

a.      On the morning of October 17, 2003, I received a telephone call from Alicia Coviello informing me that there was an oil spill in the oil bay in the automotive department at the Saugus store.

b.      The defendant objects to this Interrogatory No. 3(b) on the ground that it is overly broad and unduly burdensome. Subject to and without waiving his objections, the defendant answers as follows: On October 17, 2003, I interviewed the following employees in the presence of Ms. Coviello: Eladio Felix, John Baldi, Jose Hernandez, Kevin Sullivan, Andrew DiGaetono, Michael Katsaris and Gerardo Rivera. Sears has produced the statements of these employees in response to the plaintiff's request for production of documents.

c.    Although I spoke with Officer Mansfield briefly on October 17, 2003, regarding my investigation into the oil spill, I do not recall the specific content of my conversation with him.  I do not recall whether I spoke with any of my "superiors" at Sears regarding the spill.

d.    To the best of my recollection, an environmental company was in the process of cleaning the oil spill when I arrived at the automotive center in Saugus on October 17, 2003.

e.    During the course of my investigation on October 17, 2003, two witnesses implicated Mr. Souvannakane in the oil spill.  After learning this information, I contacted the Saugus Police Department and informed Officer Mansfield of my investigation.  At no time did I conclude that Eric Souvannakane was the "party responsible" for the oil spill.

**Interrogatory No. 4**

Provide the identity of the individual/individuals within Sears Roebuck & Co. (sic) who made the decision to prosecute (file a complaint) against Eric Souvannakane for malicious destruction of property in excess of $250 and identify all property destroyed and the value assigned to each individual piece/unit of property, including in your answer the per gallon value of waste oil.

**Answer No. 4**

The defendant objects to Interrogatory No. 4 on the ground that it assumes that Sears or any Sears employees had the authority to "decide to prosecute" Eric Souvannakane.  Subject to and without waiving his objections, the defendant answers as follows:  Neither I nor any other Sears employee made the decision to prosecute Eric

4

Souvannakane.  After interviewing employees on October 17, 2003, I contacted the

Saugus Police Department and provided Officer Mansfield with information concerning

my investigation.

**Interrogatory No. 5**

State whether or not you provided the Saugus Police investigating the spill with

all the written statements of Sears employees taken by you and if you did not, please

identify the individuals from whom you took statements that were not given to the police,

and why they were not provided to the police.

**Answer No. 5**

Subject to and without waiving his objections, the defendant states that he does

not recall if he provided the Saugus Police department with the written statements of the

Sears employees relative to the oil spill.

**Interrogatory No. 6**

Identify all Sears personnel who assisted or accompanied you in the questioning

of the employees of the automotive center in Saugus, Massachusetts, their role in the

questioning, and what was stated by the employees questioned.

**Answer No. 6**

Subject to and without waiving his objections, the defendant answers as follows:

Alicia Coviello was present as a witness to every interview I conducted.

**Interrogatory No. 7**

Provide a comprehensive and complete statement as how and why you concluded

that Eric Souvannakane was the individual who spilled and spread the liquid in the auto

center and parking lot of the Saugus, Massachusetts store, including your thoughts on

how and why he did it.

**Answer No. 7**

Subject to and without waiving his objections, the defendant answers as follows:

I did not conclude that Eric Souvannakane was the individual who spilled the oil; I

simply informed the Saugus Police Department of the details of my investigation,

including the witness accounts that implicated him in an oil spill on the evening of

October 16, 2003.  Further, to the best of my recollection, the oil spill did not "spread"

into the parking lot of the Saugus store.

**Interrogatory No. 8**

Provide a complete explanation as to how the liquid allegedly spilled within the

building by Eric Souvannakane exited the building and spread through the parking area.

**Answer No. 8**

Subject to and without waiving my objections, the defendant answers as follows:

To the best of my recollection, the oil spill did not spread through the parking area.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS

___10___ DAY OF _____April_____, 2006.


_____
William Sullivan

As to Objections:

Defendant, William Sullivan
By his Attorneys,

_____
Christine M. Netski, (BBO No. 546936)
Liza J. Tran (BBO No. 646818)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

## CERTIFICATE OF SERVICE

I, Liza J. Tran, hereby certify that on April 10, 2006, I served the within document by mailing a copy of same, postage prepaid, to the following counsel of record:

John J. Cloherty, III, Esquire
Pierce, Davis & Perritano, LLP
Ten Winthrop Square
Boston, MA 02110

Kurt S. Olson, Esquire
500 Federal Street
Andover, MA 01810

Liza J. Tran

374099

8