EXHIBIT 9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC SOUVANNAKANE,<br>Plaintiff<br><br>v.<br><br>SEARS, ROEBUCK & COMPANY, et al.,<br>Defendants | Civil Action No. 04-12164-MLW |

**DEFENDANT, GARY MANSFIELD'S, ANSWERS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**INTERROGATORIES**

A.  **Identity and Background of Defendant Gary Mansfield**

**INTERROGATORY NO. 1**

State your full name, and the name you customarily use, your residence address and telephone number, your social security number and your date of birth, place of birth (city, county, and state, or what country), and the exact name appearing on your birth certificate.

**ANSWER NO. 1**

**Objection:** The defendant objects to this interrogatory to the extent it seeks residential address and telephone number information concerning a law enforcement officer, which information is protected from disclosure by Mass. Gen. L. ch. 66 §10(d). The defendant further objects to this interrogatory to the extent it seeks a social security number for purposes other than those permitted under Federal law. Without waiving these objections, or any others that may apply, the defendant responds as follows:

Gary Mansfield, c/o Saugus Police Department, 27 Hamilton Street, Saugus, MA, date of birth 5-01-54, place of birth Lynn, MA.

**INTERROGATORY NO. 2**

Please identify and describe your employment history, including military service if applicable, since high school. Include in your description your rank as a police officer, promotions, dates of promotion, and special training, if any.

## ANSWER NO. 2

**Objection:** The defendant objects to this interrogatory on the grounds that it is overbroad, it is overly burdensome, it is not properly limited as to time, and it seeks information which is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, or any others that may apply, the defendant responds as follows:

I was a member of the National Guard from 1973 to 1979 and have been employed with the Saugus Police Department from 1978 to present in the position of Patrolman.

### B. Defendant Mansfield's "Investigation"

## INTERROGATORY NO. 3

Please state how you came to be present at the "Sears Automotive Center" in Saugus, Massachusetts on October 17, 2003, including in your answer, the identity of the person/persons who sent you, the position held by the person/persons who sent you, all instructions given to you and the identity of any other individuals accompanying you, or sent independently by the same authority who sent you to Sears Automotive Center on that date.

## ANSWER NO. 3

I was dispatched to Sears by a police department dispatcher, name unknown, to investigate a complaint of malicious destruction of property.

## INTERROGATORY NO. 4

Please describe in detail what you observed when you arrived at the "Sears Automotive Center" in Saugus, Massachusetts on October 17, 2003, including but not limited to, a complete description of the nature of the spilled liquid (the liquid alleged to have been spilled by Mr. Souvannakane), in detail the area in which you observed the liquid (complete/part parking lot, complete floor/parts of floor of the automotive center, and your initial conclusion as to what had transpired.

## ANSWER NO. 4

**NOTATION BY COUNSEL:** Pursuant to Fed.R.Civ.P. 33(d), the defendant refers to the following documents from which the answer to this interrogatory may be derived or ascertained, and which documents have been previously produced: Saugus Incident Report #03-1692-OF and accompanying witness statements.

Further Responding:

I do not recall seeing the damaged property.

## INTERROGATORY NO. 5

Please describe in detail all property observed by you at the "Sears Automotive Center" in Saugus, Massachusetts that in your opinion was destroyed by the liquid spilled that you observed on October 17, 2003. Include in your answer whether the destruction was total or partial, any damage done to the structure or fixtures and the estimated dollar value of the property destroyed.

## ANSWER:

**Objection:** The defendant objects to this interrogatory on the grounds that it attempts to discover facts known and opinions held by experts beyond the scope allowed by Fed.R.Civ.P. 26(b)(4) without leave of court, and such leave of court has not been granted. Without waiving these objections, as well as any other that may apply, the defendant responds as follows:

I have no opinion regarding damages.

## INTERROGATORY NO. 6

Please state how you arrived at the conclusion that the waste oil contained in a 30 gallon drum had a value of $3,000.

## ANSWER NO. 6

**Objection:** The defendant objects to this interrogatory as argumentative in that it presumes the defendant reached a conclusion as to value. Without waiving this objection, or any others that may apply, the defendant responds as follows:

That figure was given to me by Sears' employee Alicia Coviello.

## INTERROGATORY NO. 7

Please state the identity of each individual to whom you spoke during your presence at the "Sears Automotive Center" in Saugus, Massachusetts on October 17, 2003, their position, the content of the conversation, your conclusions after interviewing the individuals alleged to have witnessed the "Spill."

## ANSWER NO. 7

**NOTATION BY COUNSEL:** Pursuant to Fed.R.Civ.P. 33(d), the defendant refers to the following documents from which the answer to this interrogatory may be derived or ascertained, and which documents have been previously produced: Saugus Incident Report #03-1692-OF and accompanying witness statements.

-3-

Further Responding:

I spoke to Alicia Coviello and Jose Hernandez. I did not reach any conclusions as to the cause of the damaged property, but instead referred the case to the Clerk Magistrate for a Show Cause Hearing.

### INTERROGATORY NO. 8

How did you conclude that the race/ethnicity of Eric Souvannakane was unknown? Did you learn this by questioning Sears employees as part of your "investigation?"

### ANSWER NO. 8

**Objection:** The defendant objects to this interrogatory as argumentative. Without waiving this objection, or any others that may apply, the defendant responds as follows:

His race/ethnicity is/was a non-factor and unknown to me. It was listed as unknown.

### INTERROGATORY NO. 9

In the "Response Of The Sears Defendants To Plaintiffs Request For Admissions Under Rule 36 Fed. R. Civ. P.," the defendants admit that in a written statement to William Sullivan, dated October 17, 2003, John Baldi wrote that he noticed a small spill about 8:30 p.m. on October 16, 2003 and was told by another tech that [the other tech] informed LCSA of a mess down back [in the Auto Center]"(*See*, Page 3 of admissions). Please state whether or not you were provided with this information, given a copy of the written statement given to William Sullivan, interviewed John Baldi, and your conclusion as to how a "**small spill**" at 8:30 p.m. on October 16, 2003 became a large spill on October 17, 2003, including in your answer an explanation how Eric Souvannakane increased the quantity of the spill either overnight when the building was closed or the following morning where the "Sears Defendants admit he was not present at the location."(See, pages 5 & 6 of admissions)

### ANSWER NO. 9

**Objection:** The defendant objects to this interrogatory on the grounds that it is so vague and ambiguous that defendant cannot fairly respond, because it calls for speculation and surmise in explaining disputed evidence. Defendant further objects to this interrogatory to the extent it seeks to have defendant disprove plaintiff's allegations whereas the burden remains on plaintiff to prove his allegations. Without waiving these objections, or any others that may apply, the defendant responds as follows:

No I was not given the statement. I do not know what size the spill was.

**INTERROGATORY NO. 10**

Please state whether or not you interviewed Kevin Sullivan and/or Andrew DiGaetono when you responded to the Sears Automotive Center in Saugus, Massachusetts on October 17, 2003, their response to your questions, Mr. DiGaetono's explanation why he hydrated the oil spill with water from a hose in the building, whether or not Mr. Sullivan instructed him to hydrate the floor with water, and if your response is that you did not interview Kevin Sullivan and/or Andrew DiGaetono, an explanation why you did not do I so.

**ANSWER NO. 10**

I do not recall speaking to them, or meeting with them. I did not reach any conclusions as to the cause of the property damage. Based on the statements of the witnesses I did obtain, there was sufficient evidence to refer the case to the Clerk Magistrate for a Show Cause Hearing.

**INTERROGATORY NO. 11**

Please identify and describe all evidence collected/observed by you that incriminated Eric Souvannakane as having perpetrated the crime of "Malicious Destruction of Property in excess of $250" and all evidence collected/observed by you that would exculpate Eric Souvannakane of the crime for which he was prosecuted. Include in your answer the results of any tests performed on samples of the spill collected by you or an explanation why samples were not collected.

**ANSWER NO. 11**

**NOTATION BY COUNSEL:** Pursuant to Fed.R.Civ.P. 33(d), the defendant refers to the following documents from which the answer to this interrogatory may be derived or ascertained, and which documents have been previously produced: Saugus Incident Report #03-1692-OF and accompanying witness statements.

**INTERROGATORY NO. 12**

Based on the circumstances now known to you, and your knowledge, training and experience as a police officer, state what you now believe happened at the "Sears Automotive Center" in Saugus, Massachusetts on October 16 & 17, 2003, including in your statement whether or not you believe the people you interviewed on October 17, 2003 were forthright and truthful with you and whether or not given the information you now possess Eric Souvannakane was improperly prosecuted for "Malicious Destruction of Property Over $250."

**ANSWER NO. 12**

**Objection:** The defendant objects to this interrogatory on the grounds that it seek an opinion of law beyond the application of law to fact permitted by Fed.R.Civ.P. 33(b). Defendant further objects to this interrogatory to the extent it seeks to have defendant disprove plaintiff's

allegations whereas the burden remains on plaintiff to prove his allegations. Without waiving these objections, or any others that may apply, the defendant responds as follows:

I have no opinion. I was given a statement regarding the incident and asked to bring the matter before the court on behalf of Sears.

Signed under the pains and penalties of perjury this 22 day of MAR, 2006.

_____
Gary Mansfield

AS TO OBJECTIONS:
Counsel for Defendant,
Gary Mansfield,

_____
John J. Cloherty III, BBO#566522
PIERCE, DAVIS & PERRITANO, LLP
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon each attorney of record, or pro se litigant, by mail/by hand.

4/7/06
Date