EXHIBIT 14

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ERIC SOUVANNAKANE,            )
                              )
            Plaintiff         )
                              )
v.                            )   CIVIL NO. 04 12164 MLW
                              )
SEARS ROEBUCK & CO., et al.,  )
                              )
            Defendants        )

## PLAINTIFF'S RESPONSE TO DEFENDANT SEARS, ROEBUCK & CO.'S FIRST SET OF INTERROGATORIES

1. Question: State the basis for your contention in paragraph 16 of the complaint that individuals supervising [you] showed racial and ethnic bias toward [you] . . . by referring to [you] as a "Gook"?

   Answer: A supervisor named "Sal," last name unknown, referred to the plaintiff as a "Gook" on several occasions, and specifically stated, "Go back to Cambodia, you fucking Gook." The dates of the incidents cannot be recalled, and the plaintiff took no note of who did or did not hear the uttered speech.

2. Question: State the basis for your contention in paragraph 23 of the complaint that William Sullivan threatened employees of the automotive department with being fired if they did not confirm that the plaintiff was the party who caused the waste oil to flow into the parking lot, including the date, time, the exact words used by him, and any other evidence you have to support this allegation?

   Answer: While sitting in the lobby of the Lynn District Court with John A. Baldi on November 25, 2003, waiting for the Magistrate's Hearing to begin, José Hernandez entered the building and came over to talk with me. He stated, "Sorry man, I don't want to be here." "They are making me do this man." "Fuck this lying shit," then Mr. Hernandez turned away and left the building without testifying. John A. Baldi heard Mr. Hernandez and told me that his son John W. Baldi called him from "Sears" on the date of the oil being washed into the parking lot and told him that he was being threatened with being fired if he didn't sign a statement proclaiming that he saw "Eric" tip over the oil barrel, whereupon John A. Baldi told John W. Baldi, "Don't submit to the threat, and do not lie about anything for anyone." Furthermore, it is "William Sullivan" whose name appears on the document entitled "Statement," dated October 17, 2003, as the person

taking Mr. Hernandez's statement.

3. Question: State the basis for your contention in paragraph 33 of the complaint that defendants William Sullivan, Kevin Sullivan, Richard Spellman, Barbara Tagliarino, Gary Mansfield and Alicia Coviello conspired to interfere with [your] 5th and 14th Amendment constitutional right to be free from prosecution without procedural due process, and [your] 14th Amendment right to substantive due process . . . when they conspired to provide false testimony and threaten witnesses, specifying exactly what each defendant did in furtherance of the alleged conspiracy, including the date, time, location and substance of their respective actions, and any other evidence you have to support this allegation?

Answer: Sears was the party who executed the criminal complaint against the plaintiff, knowing that he was not present and had not been present on the premises on the date of October 17, 2003 when a Sears employee hydrated an oil spill with a hose, and thus caused the violations of the Federal Clean Waters Act, initiated the need to blame the plaintiff. All of the above named defendants knew that the plaintiff was not present and that under the direction of Kevin Sullivan, an employee of Sears caused all of the damages for which they sought to blame the plaintiff.

Procedural due process was denied to the plaintiff by the false accusations of Sears in the criminal complaint, the perjury of Alica Coviello at the Magistrate's hearing, the failure of officer Mansfield to personally interview the alleged witnesses when he responded to the spill, the failure of Kevin Sullivan to inform officer Mansfield that it was an in house error that caused the environmental violations of 33 U.S.C., and William Sullivan's threats of dismissal to Mr. Hernandez and other employees if they did not sign untruthful statements.

Substantive due process was violated when the plaintiff was not granted equal treatment under the law as specified in the complaint.

4. Question: State the basis for your contention in paragraph 33 of the complaint that defendants William Sullivan, Kevin Sullivan, Richard Spellman, Barbara Tagliarino, Gary Mansfield and Alicia Coviello conspired to interfere with [your] 5th and 14th Amendment constitutional right to procedural due process and substantive due process . . . based on [your] class (fired employee), [your] race (Asian), your ethnicity (Cambodian) for the purpose of depriving, either directly or indirectly any person or class of persons of the equal protection of the laws of the equal privileges and immunities under the law; and for the purpose of hindering the constitutional authorities of the state from securing to all persons the equal protection of the law; and that all the above named defendants did act in furtherance of the objective of the conspiracy and in so doing did injure the plaintiff, specifying the precise nature and objective of the alleged conspiracy, exactly what each named defendant did in furtherance of the alleged conspiracy, including the date, time, location and substance of their respective actions, and any other evidence you have to support this allegation ?

Answer: Objection, paragraph 33 does not state what is alleged by the defendant. There is no reference to race, ethnicity or employment in paragraph 33. Said paragraph references "Count I, a violation of 42 U.S.C. § 1985(2), Conspiracy to interfere with civil rights by "Obstructing Justice", "Intimidating Party, Witness or Juror." Justice was obstructed by the false statements of the defendants, the defendants attempted to intimidate the plaintiff with their false statements and criminal prosecution, and the witnesses were intimidated with the threat of being fired if they did not lie.

5. Question: State the basis for your contention in paragraph 50 of the complaint that you were denied equal rights and equal treatment under the law when the defendants intentionally and maliciously blamed their own violation of the clean waters act on [you], denied [you] procedural due process, substantive due process, and the right to an occupation because of [your] race (Asian) and ethnic background (Cambodian) . . . ?

Answer: The statement speaks for itself. The plaintiff was fired for exercising his right to free speech with a fellow employee, and then fired allegedly for swearing at a woman with whom he never spoke, when in fact he was fired because of his ethnic background, thereby tarnishing his reputation as a professional automotive technician. The defendants increased the damage to the plaintiff when they deliberately accused him of an act committed by another (violation of 33 U.S.C.) on October 17, 2003 when the plaintiff was not on and had not been on, the premises. He was falsely accused because he was an employee who had been fired, because of his ethnic heritage, thereby denying him the same treatment as the persons of different ethnic and racial backgrounds working at the facility.

6. Question: State the basis for your contention in paragraph 18 of the complaint that race and/or ethnic prejudice was the motivating factor in Sears termination of your employment ?

Answer: The plaintiff never spoke to or with the woman he was accused of swearing at. He did however speak with the technician servicing her car. It was that technician, who after many minutes of continuous verbal abuse by the woman (heard by everyone present), swore at her. The plaintiff was not presented with an opportunity to respond to the false accusation, but instead was fired because of his race.

7. Question: Please identify and itemize all damages that you allege that you suffered as a result of the termination of your employment with Sears?

Answer: Previously provided (See, initial disclosures/statement of damages).

8. Question: For each person identified in your initial disclosures, please provide a complete description of the substance of their relevant knowledge ?

Answer: Previously provided (See, initial disclosures).

9. <u>Question</u>: Please list the name, address and telephone number of any witness known to you who has knowledge of any of the events as alleged in your complaint ?

   <u>Answer</u>: Previously provided (See, initial disclosures).

10. <u>Question</u>: Please list the names and address of each person whom you expect to call as an expert witness at trial and indicate the subject matter on which each such person is expected to testify, his qualifications in the area, the substance of the facts and opinions to which he is expected to testify and a summary of the grounds for each opinion?

    <u>Answer</u>: John A. Baldi, 19 Ledge Street, Melrose, Ma. 02176 may be called as an expert on building construction, as well as to what he heard and witnessed, to prove there was no damage to the Sears Automotive Building as alleged by Sears in their criminal complaint, and at trial.
    Mr. Baldi is certified as a journeyman ironworker by the Commonwealth of Massachusetts, he is an AWS certified welder for both bridge and structural in all positions, unlimited thickness, also certified as a welding instructor with a certificate from the Hobart School of Welding Technology, and holds a B.S. and MOEd. from the University of New Hampshire, and a J.D. from the Massachusetts School of Law. Mr. Baldi's masters project was to engineer and develop the Elo Cone, a construction fastener for steel frame buildings, under the direction of the Chairman of the Engineering Department, Mr. Guest, Ph.D.
    Mr. Baldi engineered the attachment method for the United States Navy dry docks at the Portsmouth Ship Yard, in Kittery, Maine, and the steel column attachments to the concrete piers for the United States Courthouse at 1 Courthouse Way in Boston Massachusetts. Prior to founding his own construction company, Mr. Baldi was the superintendent of the field operations for L. Antonelli Iron Works, Quincy Ma.. He rigged and hoisted a steam tank 150 feet long, weighing over 600 tons (largest single lift in the world at the time), 290 feet in the air, for Foster Wheeler Co., the largest powerhouse rigging company in the world at the time. He has previously testified as a construction expert in the United States District Court for the District of Massachusetts, and provided advice and expertise to various contractors and attorneys.

11. <u>Question</u>: Please specify what role you played in the oil spill alleged in your complaint, including whether you were present at the Sears Auto Center in Saugus, Massachusetts on the evening of December 16, 2003, why you were there, who you spoke with and what actions you took during that visit ?

    <u>Answer</u>: I was not present at the Sears Auto Center in Saugus, Massachusetts at any time on December 16, 2003 and played no role in any oil spill or incident occurring that day. I was present at the Sears Auto Center on the afternoon/evening of October 16, 2003 for a short time. I came to the center to return a pickup truck borrowed from John W. Baldi which I had used to move personal property. I had short conversation with Mr. Baldi, Mike Kasaris, and Mr. Hernandez and then left. I played no role in the oil spill or the hydration of the oil for which I was criminally prosecuted by Commonwealth of

Massachusetts after a complaint filed by defendants.

12. Question: Please state if you have ever been arrested or convicted of a felony and/or misdemeanor.

    Answer: Plaintiff objects to the question/disclosure. An answer to the question could not lead to information relevant to the present case and would in fact be more prejudicial than probative. However, without waiving this objection, the plaintiff provides an attached document from the Commonwealth of Massachusetts.

13. Question: Please state your employment history for the last five years, including the name and address of each employer, your length of employment, the reasons for the termination of your employment, and the positions held.

    Answer: Ira Toyota, Danvers, Ma., October 2005 to the present time, sales.
    Pride Chevrolet, Lynn, Ma., auto tech., February 2004 - May 2005, Laid off.
    Firestone of Lawrence, Ma., auto tech., November 2003 - January 2004, quit (too far to travel).
    Sears, Saugus Ma., Aug/Sept 2002 - October 2003
    Ledgewood Nursing Rehab, Beverly, Ma., May 2002 - June 2002, training class, left after completion of class.
    Pep-Boys, Salem, Ma., auto tech., November 2001 - March 2002, fired for being late to work.
    Burger King, Salem, Ma., while in High School
    Kmart, Salem, Ma., while in High School

14. Question: Please state if you have ever been a plaintiff and/or defendant in any other lawsuits, including in your answer the case name of any such lawsuits, the substance of your involvement and the nature of the lawsuit.

    Answer:

15. Question: Please state the substance of any communications you have had with any Sears employee, or any other individual excluding your attorney, either written or oral, that in anyway relates to any of the allegations in your complaint.

    Answer: No communications with any Sears employees regarding this matter. Any other communications are entitled to work product protection with my attorney and his staff.

    The answers stated above and the information supplied herein are full, complete and accurate to the best of my knowledge and belief.

Dated: January 10, 2006

Eric Souvannakane

COMMONWEALTH OF MASSACHUSETTS
ESSEX, SS

The person whose name appears above, personally appeared before me, the below named individual and made oath that the above statements are true to the best of his knowledge and belief.

Dated: January 10, 2006

*Judith A. Wolfe*
Notary Public/Justice of the peace
My Commission Expires: 12/20/07

Respectfully submitted,

Dated: January 10, 2006

Kurt S. Olson
500 Federal Street
Andover, Ma. 01810
978-681-0800
BBO #: 632300

## CERTIFICATE OF SERVICE

I certify that on January 11, 2006 a copy of the foregoing document, Plaintiff's Response To Defendant Sears Roebuck & Co.'s First Set of Interrogatories was sent via United States Mail to:

Christine M. Netski & Liza J. Tran, at Sugarman, Rogers, Barshak & Cohen, P.C., 101 Merrimac Street, 9th Floor, Boston, Ma. 02114

John J. Cloherty, Pierce, Davis & Perritano, LLP, Ten Winthrop Square, Boston, Ma. 02110.

Kurt S. Olson