UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC SOUVANNAKANE,<br>    Plaintiff<br><br>v.<br><br>SEARS, ROEBUCK & CO., WILLIAM SULLIVAN, RICHARD SPELLMAN, BARBARA TAGLIARINO, KEVIN SULLIVAN, ALICIA COVIELLO, GARY MANSFIELD<br>    Defendants | Civil Action No. 0412164MLW |

**REPLY OF THE DEFENDANTS, SEARS, ROEBUCK AND CO., WILLIAM SULLIVAN, RICHARD SPELLMAN, BARBARA TAGLIARINO, ALICIA COVIELLO AND KEVIN SULLIVAN TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

The defendants, Sears, Roebuck and Co., William Sullivan, Richard Spellman, Barbara Tagliarino, Alicia Coviello and Kevin Sullivan (collectively, the "Sears Defendants"), submit this reply to Plaintiff Eric Souvannakane's Memorandum in Opposition to Defendants Sears, Roebuck and Co., William Sullivan, Richard Spellman, Barbara Tagliarino, Kevin Sullivan and Alicia Coviello's Motion for Summary Judgment. As discussed below, the plaintiff mischaracterizes the burden of a party seeking summary judgment. Contrary to the plaintiff's contention, the Sears Defendants have met the applicable burden by demonstrating an overwhelming absence of evidence to support the plaintiff's claims. Indeed, the plaintiff appears to concede that he has not come forth with any affirmative evidence supporting several essential elements of his claims.

## ARGUMENT

I. The Plaintiff Has Mischaracterized the Relevant Legal Standard for Determining Whether the Sears Defendants Are Entitled to Summary Judgment.

Relying on the Supreme Court's decision in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970), the plaintiff correctly states that a party moving for summary judgment must demonstrate the absence of material facts that present genuine issues for trial. The plaintiff misinterprets the law, however, when he argues that the Sears Defendants "have not submitted any *evidence* establishing the absence of a genuine issue," improperly suggesting that the Sears Defendants must disprove the essential elements of the plaintiff's claims. Plaintiff's Opposition, p. 7 (emphasis supplied). Indeed, the plaintiff's interpretation of *Adickes* was expressly rejected by the Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 325-326 (1986).

In *Celotex*, the Court specifically stated that its ruling in *Adickes* "should not be construed to mean that the burden is on the party moving for summary judgment to produce evidence showing the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof." *Celotex*, 477 U.S. at 325. The Court went on the explain that "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.*

In this case, the Sears Defendants clearly have made the requisite showing of an absence of evidence to support the plaintiff's claims. In response, the plaintiff has not put forth any affirmative evidence to rebut the Sears Defendants' showing and, instead, contends that he should be allowed to develop evidence that he hopes will support his claims at trial. It is axiomatic, however, that the non-moving party cannot rely on the mere possibility of uncovering facts at trial in an attempt to overcome obvious evidentiary deficiencies in his case at the

summary judgment stage. *See, e.g. Soar v. National Football League Players' Ass'n*, 550 F.2d 1287, 1289 n.4 (1st Cir. 1977); *Chapman v. Rudd Paint & Varnish Co.*, 409 F.2d 635 (9th Cir. 1969); 8 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure, §2727*, pp. 504-508 (2d ed.1983). To conclude otherwise would be contrary to the well-recognized purpose of Rule 56 to "isolate and dispose of factually unsupported claims or defenses." *Celotex,* 477 U.S. at 323-324.

II.  Souvannakane Has Failed to Put Forth Affirmative Evidence Demonstrating the Existence of a Conspiracy.

The plaintiff has not put forth any affirmative evidence of a conspiracy between any two or more of the Sears Defendants or between any of the Sears Defendants and Officer Mansfield. Instead, the plaintiff asserts that the "Sears Defendants have *failed to prove* that defendants William Sullivan and Alicia Coviello did *not* discuss their motive behind Sears's decision to proceed against Mr. Souvannakane and an agreement between them to go forward on this basis." Plaintiff's Opposition, p. 7 (emphasis supplied). The plaintiff's improper effort to shift the evidentiary burden on issues as to which he has the burden of proof at trial is nothing more than an unsuccessful attempt to mask the fact that he has not, and cannot, produce any evidence of a conspiracy. The plaintiff admits as much when he asserts that *"[a]lthough Plaintiff has not yet put forth evidence on a plan*, circumstances surrounding the interrogation of witnesses to the oil spill suggest that those defendants conducting the interview knew what they were doing." Plaintiff's Opposition, p. 2 (emphasis supplied).

In addition, it is undisputed that the only witness who purportedly implicated Souvannakane in the oil spill was Jose Hernandez and the plaintiff has only speculated that Mr. Hernandez was threatened during the investigation. *See* Plaintiff's Opposition, p. 9 (emphasis supplied) ("*If* similar tactics were used against Mr. Hernandez" then "an agent of Sears has

3

violated the second part of U.S.C. 1985(2)"). Moreover, the plaintiff admits that he was involved in at least one oil spill on the evening in question and, therefore, his attempts to attack Mr. Hernandez's credibility on this point do not assist him in overcoming the complete lack of evidence of any conspiracy. Indeed, the plaintiff expressly concedes that he "does not know the substance of the conversations that took place between William Sullivan, loss prevention officer Coviello, and Officer Mansfield." Plaintiff's Opposition, p. 4.

III.  <u>Souvannakane Has Failed to Put Forth Any Affirmative Evidence Demonstrating that Any Alleged Conspiracy was Racially Motivated.</u>

The plaintiff first contends that the Sears Defendants' argument that there is no evidence of racial animus by the alleged conspirators "defies logic because Mr. Souvannakane certainly looks Asian." The plaintiff, however, ignores the undisputed evidence that neither William Sullivan nor Officer Mansfield have ever met the plaintiff and did not know his race or ethnicity when they undertook their investigation. The Sears Defendants' Statement of Undisputed Facts Pursuant to Local Rule 56.1 (hereinafter, "Sears's Statement of Facts, ¶ _"), ¶¶ 40, 41, and 49. Thus, instead of presenting affirmative evidence that creates a dispute of fact, the plaintiff merely argues that "*[a]ssuming* the Sears defendants who participated in the investigation, William Sullivan and Alicia Coviello, met the Plaintiff, it defies logic that they did not know his race or ethnicity." Plaintiff's Opposition, p. 9 (emphasis supplied).

Furthermore, the plaintiff repeatedly admits that he simply does not know what motivated the actions purportedly taken by the Sears Defendants in furtherance of the alleged conspiracy. For example, the plaintiff acknowledges that "*until it is determined* what went on behind closed doors of the room where defendants Sullivan and Coviello conducted their interrogations, *it*

4

*cannot be determined what motivated the Sears defendants to take the action they did.*"[1] Plaintiff's Opposition, p. 9 (emphasis supplied). Similarly, the plaintiff contends that "dispute remains concerning conversations the individual defendants *may have had* regarding their *possible motive*" for their alleged conduct. Plaintiff's Opposition, p. 2 (emphasis supplied). Finally, in lieu of producing evidence to support his claims, the plaintiff argues that he "*should be allowed to try to determine exactly what motivated* defendants Coviello and Sullivan to interrogate witnesses, prepare *arguably* false witness statements, single out plaintiff for discipline, call law enforcement to the scene to subsequently request a show cause hearing, then arrange for Plaintiff's subsequent prosecution on a trumped-up charge." Thus, there is no question that, even after the close of discovery, the plaintiff has not put forth any evidence that the Sears Defendants' alleged actions were racially motivated.

IV. <u>Souvannakane Has Failed to Put Forth Any Affirmative Evidence Demonstrating that Sears's Legitimate, Non-Discriminatory Reason For Terminating His Employment was a Mere Pretext for Discrimination.</u>

Similarly, the plaintiff has failed to point to any evidence that Sears's articulated reason for terminating him was a mere pretext for racial discrimination and, instead, relies upon conjecture and speculation in an attempt to preserve his claim. The plaintiff does not dispute that the *only evidence* of alleged pretext is the stray remark of a co-worker who did not have the authority to terminate his employment. Instead, the plaintiff attempts to extrapolate from that single remark a vague "pattern of antagonism" on the part of Sears that he contends supports his claim that his termination was racially motivated. Plaintiff's Opposition, P. 16. The "facts" on which the plaintiff relies to support this theory, however, do not even suggest racial

---

[1] As set forth in the Sears Defendants' statement of undisputed facts, Alicia Coviello has stated in answers to interrogatories that she did not observe any threatening behavior by William Sullivan during the course of his witness interviews. Sears's Statement of Facts, Exhibit 6, Answer No. 8. The plaintiff chose not to depose William Sullivan or Alicia Coviello, however, and improperly asks this Court to permit his case to go forward based upon his belief that some contrary evidence on this issue may be developed at trial.

5

discrimination by Sears.[2] More fundamentally, the plaintiff still has not produced any evidence that the co-worker who allegedly made the stray remark had any involvement whatsoever in his termination. Indeed, the plaintiff admits that the co-worker "could not fire" him and then speculates that, because the co-worker allegedly had some general supervisory duties, he would "*presumably* have more influence over the decision to terminate than a mere co-worker." Plaintiff's Opposition, p. 16 (emphasis supplied). The plaintiff's unsupported conjecture as to this central element of his wrongful termination claim clearly is insufficient to avoid the entry of summary judgment in favor of the Sears Defendants.

## CONCLUSION

For these reasons, as well as the reasons set forth in the Memorandum of the Defendants Sears, Roebuck and Co., William Sullivan, Richard Spellman, Barbara Tagliarino, Kevin Sullivan and Alicia Coviello in Support of their Motion for Summary Judgment, the Sears Defendants respectfully request the Court to allow their motion enter judgment in their favor on the remaining counts of the plaintiff's complaint.

---

[2] In suggesting this "pattern of antagonism," the plaintiff asserts that, at some unknown time, there was a fight in the auto center in which a female employee was injured by a customer and that no employee was ever disciplined as a result. He does not identify the parties involved in this fight or their race. He does not even provide enough detail from which a rational trier of fact could conclude that any discipline was warranted as a result of the fight. More importantly, he does present any evidence linking this fight to his termination, and Sears's alleged failure to discipline anyone as a result of the incident does not even appear to be racially motivated. The plaintiff also contends that another Sears employee named "Frank" was alleged to have sworn at the same customer who was involved in the incident that precipitated the plaintiff's termination and was not disciplined. However, the plaintiff does not provide any *evidence* that Frank was not disciplined, any *evidence* that the customer herself implicated Frank (as she did the plaintiff), any *evidence* that Frank had been issued a final warning for such conduct prior to that event (as the plaintiff had), or any *evidence* that Frank was treated differently from the plaintiff based upon race.

        Defendants,
        Sears, Roebuck and Co., William Sullivan, Richard
        Spellman, Barbara Tagliarino, Alicia Coviello, and
        Kevin Sullivan
        By their Attorneys,


*/s/ Liza J. Tran*
_____
Christine M. Netski, (BBO No. 546936)
Liza J. Tran (BBO No. 646818)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

DATED:      February 22, 2006

## CERTIFICATE OF SERVICE

  I, Liza J. Tran, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 22, 2007.

           */s/ Liza J. Tran*
           _____
           Liza J. Tran
           tran@srbc.com

#387765.2